# Richards *v.* Richards.

*Bill in Equity for Sale of Lands, by Tenants in Common; and Settlement of Estate.*

1. *Pleadings must be certain in their averments.*—Pleadings are required to be certain and specific in their averments of the material facts on which the right to relief depends, so that it will not be left to inference merely what these facts are. The allegations in a bill for the sale of lands belonging to tenants-in-common under a will, that complainants "were joint owners and tenants in common under the provisions of said will," are not the averments of *facts* showing title in the complainants.

[Richards v. Richards.]

APPEAL from Chambers Chancery Court.

Heard before the Hon. S. K. MCSPADDEN.

This bill was filed by Thomas J. Richards and others, against Thomas S. Richards and others. The bill alleged that one Thomas S. Richards was the ancestor of both the complainants and defendants ; that he died in 1846, leaving a will which, in its 5th paragraph devised and bequeathed to his widow and her children lands and personal property, at the death of the widow, "to be equally divided between them all." The bill avers the death of the widow, "which fixed the period that all of the property mentioned in said fifth item should be equally divided between all of them, that is all of his children." The bill further avers that on the death of the widow the defendants took possession of the lands, stock and crop in Chambers county, and converted them to their own use, to the exclusion of plaintiffs who were equally entitled to share therein. The bill prays for a construction of the will, a sale of the lands for distribution among those entitled, an accounting by defendants of the crops received by them, and general relief. The bill contains no averment of facts showing that the complainants were the persons named in said will entitled to its bequests, except that the testator was the "ancestor" of them all. For this defect the chancellor sustained a demurrer to the bill, and the complainants declining to amend, the bill was dismissed. From the decree dismissing their bill the complainants take this appeal.

J. M. & E. M. OLIVER, for appellants.—1. This case depends upon the construction of the will of Thomas S. Richards. The 2nd clause gives a specific legacy to a son; the 3rd clause gives a specific legacy to his daughter; and the fourth to another daughter. The 5th gives the residuum to testator's wife and her children during her life, and appellants insist that the terms, "to be divided equally between them all," includes all of testator's children, those mentioned in the first part of the will as well as the others, and being capable of this construction, the court should have entertained the bill, and not have dismissed the same on defendants' demurrers.—*Sturgis v. Works*, 17 Am. St. Rep. 349 ; 1 Redf. Wills, pp. 443. 445, and notes; *Ib.*, pp. 451, 452, and 585. 2. Heirs and children are favorites of courts ; the utmost certainty is required to take away their rights.—1 Blackstone 450. 3. The general intent prevails; heirs are not disinherited except by clearly expressed intention of testator. 35 Am. Dec. 277 ; 11 Am. & Eng. Ency., 376.

[Richards v. Richards.]

N. D. DENSON, for appellee.—1. It is a cardinal rule of pleading, that the complainants' bill must show claim or title to relief with such clearness and distinctness that the defendants may be informed of the nature of the case they are called on to meet. Matters relied on for relief must be shown, not by inference, but by direct and unambiguous averments. Appellees contending that only the children of Elizabeth Richards are entitled to the property under the will, the complainants claiming under the will should aver that they were the children of Elizabeth Richards.—*Duckworth v. Duckworth*, 35 Ala. 70; *Cockrell v. Gurley*, 26 Ala. 405; *Spence v. Duren*, 3 Ala. 251. 2. When the equity of a bill rests on the existence of a particular fact, that fact must be clearly and distinctly alleged.—*Jones v. Cowles*, 26 Ala. 612; *Read v. Walker*, 18 Ala. 332; *Lucas v. Oliver*, 34 Ala. 626. 3. The averment in the bill that complainants and defendants are joint tenants under the will is but the statement of a conclusion, and insufficient.—*Cameron v. Abbott*, 30 Ala. 416. 4. The construction of the will insisted on by complainants can not be maintained.—*Sherrod v. Sherrod*, 38 Ala. 537; 17 Ala. 120; 32 Ala. 461; 6 Ala. 236; 24 Ala. 663; 26 Ala. 360; 45 N. Y. Eq, 17.

HEAD, J.—The errors assigned are those sustaining the demurrers to, and the final decree dismissing, the bill. After the demurrers were sustained, the complainants declined to amend, and the court rendered a decree dismissing the bill.

We think the demurrers were properly sustained. Pleadings are required to be certain and specific in their averments of the material facts on which the right to relief depends, so as that it shall not be left to inference, merely, what those facts are. The purpose of the present bill is to obtain a sale of the lands therein described for division among the complainants and defendants, as tenants in common, under authority of section 3262 of the Code. The lands belonged to Thomas S. Richards in his life-time. By his last will, which was duly probated in 1846, he disposed of them by the following clause: "5th. I leave and bequeath to my wife and her children one negro man Peter, and all of my lands in this State and elsewhere, and all of my stock, consisting of horses and mules, cattle and hogs, and sheep, oxen, wagons and carts, plantation tools, household and kitchen furniture ; to her and her children, and at her death for to be equally divided between them all." The bill avers that this property was delivered to the wife and her children in accordance with the direction of said will, and was so re-

tained and held up to about the month of September, 1890, when the widow died, "which," to quote the words of the pleader, "fixed the period that all of the property mentioned in said fifth item of said will should be equally divided between all of them, that is, all of his children." It is also averred that Thomas S. Richards was the "*ancestor*" of the complainants and defendants, and that they are, "*under the provisions of said will*," joint owners and tenants in common of said lands. These are the only averments of ownership and possession upon which the relief is sought. The fifth clause of the will, as we have seen, is the source of title to those becoming entitled by the death of the widow. The bill sets out that provision, but fails to aver, except inferentially, that the parties to the bill fall within the class of persons who take under it, on the death of the widow. They are not shown, by any direct averment, to be either the children of the testator or the widow, intended by the testator as the objects of his bounty.

The complainants having declined to amend, the chancellor properly dismissed the bill.

Affirmed.