[Stroup v. Austin, et al.]

# Stroup *v.* Austin, *et al.*

*Bill to Cancel Deed Because of Undue Influence.*

(Decided November 19, 1912. Rehearing denied January 23, 1913. 60 South. 879.)

1. *Deeds; Validity; Undue Influence.*—Where a single woman voluntarily made her home with her nephew, expressing her intention to give him her property, and, without force, fear, threats or persuasion executed a deed to him in accordance with such purpose, at the time understanding the nature and effect thereof, the question of consideration and of whether she sought and obtained independent advice are immaterial in determining the validity of the deed.

2. *Same; Setting Aside.*—While courts of equity are astute in discovering signs of fraud and unfair dealing, they are equally careful not to interfere with the right of free disposition of property which inheres in the ownership thereof and will not defeat the uncoerced wishes of the owner.

3. *Same; Undue Influence.*—The influence which will avoid a deed cannot proceed alone from sympathy or affection for the grantee, but must be such as to dominate the grantor's will and coerce it to serve the will of another in the act of conveying, and the fact that a grantee by kindness and attention won the affection of a relative who executed a deed to him, did not thereby obtain the deed by undue influence, notwithstanding he anticipated that his attentions would so result.

APPEAL from Morgan Chancery Court.

Heard before Hon. WM. H. SIMPSON.

Bill by Susan Austin and another against Robert Alexander Stroup and others. From a decree for complainants the respondent, Robert Alexander Stroup, appeals. Reversed and rendered.

W. T. LOWE, and TIDWELL & SAMPLE, for appellants. The bill was insufficient in its allegation of fraud and undue influence.—*Morgan v. Morgan*, 68 Ala. 80; *Chamberlain v. Dorrance*, 69 Ala. 40. A court of chancery will not impute fraud where the facts and circumstances out of which it must arise may consist with

[Stroup v. Austin, et al.]

pure intent. To create such an imputation the facts must be such that they are not to be explained on any other reasonable hypothesis.—*Steele v. Kinkle,* 3 Ala. 588; *Judge v. Wilkinson,* 19 Ala. 771; *Malone v. Kelly,* 54 Ala. 536; *Goodlett v. Hansel,* 66 Ala. 141; *Jackson v. Powell,* 87 Ala. 685; *Barksdale v. Davis,* 114 Ala. 823; *Moore v. Heineke,* 119 Ala. 627; *Dolberry v. Dolberry,* 44 South. 1018; *McLeod v. McLeod,* 145 Ala. 267. Under the facts in this case the donee was not the dominant party and the burden rests on the complainant to establish undue influence in the procurement of the deed.—*McLeod v. McLeod, supra; Hutcheson v. Bibb,* 142 Ala. 586; *Beyer v. Lefevre,* 46 L. Ed. 1084. Under these authorities it is insisted that the evidence fails to establish that undue influence that would authorize the court to set aside and annul a deed executed as was the one in suit.—*Whitton v. McFall,* 122 Ala. 619; *Adair v. Craig,* 135 Ala. 335; *Jackson v. Rowell,* 87 Ala. 690; *Shipman v. Furniss* 69 Ala. 555; *Dunlap v. Robinson,* 28 Ala. 100, and authorities supra. Counsel discuss the objections to evidence with citation of authority.

E. W. GODBEY and C. L. PECK, for appellees. On the question of undue influence and confidential relations counsel cite 54 Calif. 471; *Cleere v. Cleere,* 82 Ala. 590; *Jamison v. Jamison,* 51 South. 131; *Henson v. Cooksey,* 86 N. E. 1109; *Waddell v. Lanier,* 62 Ala. 350. The consideration was grossly inadequate and this was fatal.—*Rumph v. Abercrombie,* 12 Ala. 64; *Allore v. Jewel,* 24 L. Ed. 260; 51 Amer. Reps. 375; 4 S. E. 580; 6 L. Ed. 435. The deed fails to recite grantees promises as to the debt of the grantor, etc.—*Kyle v. Perdue,* 95 Ala. 579; *Waddell v. Lanier, supra;* 3 Giff 169; *Nichols Case,* 55 Amer. Rep. 105. Even then the consideration

was not sufficient.—17 Amer. Dec. 311; 83 Amer. Dec. 599. There was an absolute lack of independent advice. —20 Atl. 227; 93 Pac. 292; 86 N. E. 709. This is redoubled in effect when it is perceived that the deed was destitute of any revocation clause.—69 L. R. A. 393; 47 Atl. 817; 69 Atl. 723; 3 DeJans. 487; *Nelson v. Brown*, 51 South. 364; 107 Pac. 149; *Yarbrough v. Harris*, 52 South. 918; *Ryan v. Price*, 17 South. 735; 59 Amer. Dec. 610. Pleading as to undue influence was sufficient.—*Couch v. Couch*, 42 South. 625; *Letohatchie Church v. Bullock*, 133 Ala. 531.

SOMERVILLE, J.—Mary Bell Johnson, spinster, about 70 years of age, died intestate in 1907, leaving as her sole heirs at law the children of her deceased sister, Chilnissa Stroup. The bill is filed by two of said Mary Bell's nieces against other nieces and a nephew for the purpose, among other things, of selling for distribution certain lands which their grandfather Rowland Johnson, left by will to his children, Helen W., Richard, Martha, and the said Mary Bell, all now deceased, and which the bill avers now belong in equal part to the several heirs of Chilnissa Stroup; and also for the purpose of nullifying, because of alleged undue influence exerted by the grantee upon the grantor, two certain deeds made by said Mary Bell Johnson to Robert A. Stroup, her said nephew, and conveying to him the said lands. Under the terms of Rowland Johnson's will, the four devisees named took the lands in fee simple after the death of their mother; and thereafter, by the successive deaths of the other three devisees, intestate, Mary Bell owned at the time of her death, as we tentatively estimate, an undivided five-eighths interest in the lands, and the children of her deceased sister, Chilnissa Stroup, owned the remaining three eighths.

The point of controversy, so far as we need notice on this appeal, is upon the alleged invalidity of the deeds of conveyance by which Robert A. Stroup acquired the interest of his aunt, the said Mary Bell Johnson, and thereby defeated its descent to him and his sisters in equal part. The bill charges that, with this design, he first induced his aged aunt, who was left alone after the death of her last sister, to leave her home and take up her abode with him and his wife; and that, after she had become dependent upon him for shelter and support—she being feeble in mind and body, and he being strong and domineering—he successively procured from her the two conveyances referred to by the exercise of an undue influence over her mind and volition, the one shortly after she moved into his home, and the other but a few days before her death. The consideration named in the first deed was $100 in money, love and affection for the grantee, and his giving her a home with him for the rest of her life; the second deed was on its face a deed of gift.

The evidence is quite voluminous. We have examined it with assiduous care, and have considered it impartially and in the light of the arguments of counsel on both sides. A detailed discussion would be useless, and a statement of our conclusions must suffice.

We are not disposed to take the view urged by appellees that the evidence shows such confidential relations between grantor and grantee as would place upon the latter the burden of exculpating himself from the charge of exerting undue influence upon the grantor. But, wherever the burden of proof may be placed, we cannot escape the conclusion that the aunt made her home with the nephew, and abode there, of her own free choice; that she did not wish her nieces to have her property; that she did wish her nephew to have it; that

she realized that the remainder of her life would be of short duration; and that she voluntarily, without fear, force, threats, or persuasion, executed the deeds to her nephew in accordance with her previously formed wish and purpose, with an intelligent perception of her own limited needs, and with a full understanding of the nature and effect of her acts. Under such conditions it becomes immaterial what the consideration was, and immaterial that she did not seek and obtain independent advice, there was no pretense that she was getting from the grantee the fair value of the property, and she evidently had no expectation of doing so. What she did·was, as it clearly seems, the *natural and unaided* result of her environment and her previous sentiments, and there is nothing in the evidence to support the charges that it was the result of any *undue* influence.

Courts of equity will be astute to discover the signs of fraud, imposition, and unfair dealing, and eager to thwart their evil ends. But in doing so they must be extremely careful not to interfere with that right of free disposal which inheres in the ownership of property, and not to defeat the uncoerced wishes of its owner. As declared by Lord Brougham in *Hunter v. Atkins,* 3 Myl. & K. 113, if, under the conditions here exhibited, "a deed so prepared and executed is to be set aside, few assuredly, of the acts of men dealing with their own affairs are safe; and the law which enables all who are of sound mind to dispose of their property, no longer exists but in name."

It may be that the nephew by his kindness and attentions won the affection of his aunt, and that he anticipated a substantial reward therefor; but, even so, such an influence is not *undue,* and its consequences are not obnoxious to the law. "The influence which suf-

fices for the avoidance of a conveyance cannot proceed alone from sympathy or affection for the grantee, but is such as dominates the grantor's will and coerces it to serve the will of another in the act of conveying."— *Adair v. Craig,* 135 Ala. 332, 335, 33 South. 902, 903; *Burney v. Torrey,* 100 Ala. 157, 168, 14 South. 685, 46 Am. St. Rep. 33; *Mackall v. Mackall,* 135 U. S. 167, 10 Sup. Ct. 705, 34 L. Ed. 84.

We are clearly of the opinion that the learned chancellor erred in annulling and setting aside the deeds in question, and that they must be upheld as the free acts of the grantor, Mary Bell Johnson.

It follows, of course, that Robert A. Stroup, the grantee, is not entitled to compensation for any money expended, or obligation incurred, on behalf of the grantor.

The decree of the chancellor will be reversed, and a decree will be here rendered denying the cancellation of the two deeds from Mary Bell Johnson to R. A. Stroup, as prayed for in the bill; and holding that the interest of Mary Bell Johnson passed by said deeds to said Stroup, and should be allotted to him upon distribution among the joint owners.

The exact fractional interests of the several cotenants will be ascertained and declared by the chancery court in its final decree. The other provisions of the decree appealed from will be adopted and incorporated in this decree.

Reversed and rendered. All the Justices concur.