## SMITH v. SMITH. (7 Div. 750.)

Supreme Court of Alabama. Oct. 13, 1927.

1. Pleading ☞18—Pleadings must be certain and specific in averment of material facts on which right to relief depends.

Pleadings must be certain and specific in their averments of material facts on which right to relief depends, so that it shall not be left to inference, merely, what facts are.

2. Partition ☞14, 77(3)—Joint owners can, as matter of right, have partition, if lands can be equitably divided; but right to sale for division exists only where lands cannot be equitably divided.

Joint owners or tenants in common are entitled as matter of right to partition in kind, if lands can be equitably divided; but right to sale for division depends on fact, which must be averred, and proved, that lands cannot be equitably divided.

3. Pleading ☞34(4)—Averment must be construed most strongly against pleader on demurrer.

On demurrer, averment must be construed most strongly against pleader.

4. Pleading ☞34(3)—On demurrer it will be assumed, under allegation that under court proceedings lands were set apart to deceased's widow, that proceedings were regular (Code 1923, § 7920).

On demurrer it will be assumed, under allegation that, "after death of complainant's father S., lands under some sort of court proceedings were set apart to his widow," that court proceedings were regular and in due form, intercepting passage of title to heirs at law of S., and vesting it in widow, under Code 1923, § 7920.

5. Pleading ☞34(3)—Heir, alleging that, after death of complainant's father, lands were set apart to widow, could not maintain suit for cancellation of deed by widow and for partition (Code 1923, § 7920).

Heir, alleging that, after death of complainant's father, S., lands under some sort of court proceedings were set apart to his widow, A., was without right to file bill seeking cancellation of deed by A. to respondent and for partition, since it will be assumed under such allegation that such court proceedings were regular and in due form, intercepting passage of title to heirs at law of S., and vesting it in widow, under Code 1923, § 7920.

6. Descent and distribution ☞90(4)—Complainant could not claim right to have deed by A. canceled as heir of A. without averring that A. died.

Complainant could not claim right as heir of A. to have deed from A. to respondent canceled without averring, as well as proving, that she died before filing of bill.

7. Descent and distribution ☞90(3, 4)—Partition ☞48—One claiming right as heir of A. to have deed from A. canceled and land partitioned must show who A.'s other heirs are, and make A.'s other heirs parties.

One claiming right as heir at law of A. to have deed from A. to respondent canceled and have property partitioned must show who her other heirs were, and make them parties to bill.

8. Executors and administrators ☞439—One claiming right as heir to have deceased's deed canceled and land partitioned must make administrator party, unless there are no debts.

One claiming right as heir of A. to have deed from A. canceled and land partitioned, in

absence of averments that A. owed no debts at time of death, must make her administrator, or an administrator ad litem, a party.

**9. Judgment ⬥⟲250—Under pleadings and proof not showing right to relief, court erred in granting complainant relief in suit for cancellation of deed and for partition of lands for sale for division.**

In suit for cancellation of deed and for partition of lands or sale for division of proceeds, under pleadings which did not show clearly under whom complainant was claiming an interest in property, and under proof showing that complainant was claiming an interest in property as heir of father, and that proceedings in probate court setting aside property as exempt to father's widow vested title to property absolutely in widow, court erred in granting complainant relief.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Bill in equity by George Smith against A. J. Smith and others for cancellation of a deed and for partition of lands or sale for division of proceeds among joint owners. From a decree for complainant, the named respondent appeals. Reversed and remanded.

Culli, Hunt & Culli, of Gadsden, for appellant.

An answer to a bill cannot supply jurisdictional averments omitted, or inject equity into a bill having none. Chandler v. Home Loan Co., 211 Ala. 80, 99 So. 723. Before property can be partitioned between tenants in common under Code 1923, § 9322, complainant must allege and prove joint ownership by the parties and impossibility of equitable division or partition in kind. Chandler v. Home Loan Co., supra; Wood v. Barnett, 208 Ala. 295, 94 So. 338; Smith v. Duvall, 201 Ala. 425, 78 So. 803; Kelly v. Deegan, 111 Ala. 152, 20 So. 378; Curlee v. Scott, 207 Ala. 478, 93 So. 393. Only when all necessary parties are before the court can a final decree be rendered, granting such relief to either complainant in a partition suit as justice requires. Chandler v. Home Loan Co., supra; Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Hodge v. Joy, 207 Ala. 198, 92 So. 171. Unless nonexistence of debts is shown, the administrator or administrator ad litem of the deceased parent is a necessary party. Winsett v. Winsett, supra; Chandler v. Home Loan Co., supra.

J. M. Miller, of Gadsden, for appellee.

On the question of undue influence counsel cites Letohatchie Church v. Bullock, 133 Ala. 549, 32 So. 58; Waddell v. Lanier, 62 Ala. 347; Kyle v. Perdue, 95 Ala. 579, 10 So. 103; Noble v. Moses Bros., 81 Ala. 530, 1 So. 617, 60 Am. Rep. 175.

BROWN, J. This case on the first appeal is reported in Smith v. Smith et al., 212 Ala. 132, 101 So. 903. After remandment of the case, without apparent objection, by way of amendment, a new bill was substituted for the original bill as amended. By the substituted bill the complainant seeks the cancellation of a deed made by Amanda Smith to the respondent, A. J. Smith, on the 16th day of October, 1918, after the lands in question were set apart to the widow of H. L. Smith, deceased, as a homestead. The bill also prays for partition in kind, between the complainant and defendants, according to their respective interests, and, in the alternative, for a sale of the property for division on the ground that it cannot be equitably divided.

While the bill avers as a conclusion that "complainant and defendants are joint owners and tenants in common," it does not show the relation of the parties to H. L. Smith, deceased, nor that the complainant is claiming under him except by mere intendment.

[1] "Pleadings are required to be certain and specific in their averments of the material facts of which the right to relief depends, so as that it shall not be left to inference, merely, what those facts are." Richards v. Richards, 98 Ala. 599, 12 So. 817.

[2] A proceeding for partition in kind and a sale for division, between joint owners, are inconsistent remedies. Joint owners or tenants in common are entitled as a matter of right to partition in kind, if the lands can be equitably divided, while the right to a sale for division depends upon the fact, which must be averred and proved, that the lands cannot be equitably divided. Hillens v. Brinsfield, 108 Ala. 605, 18 So. 604; Chandler v. Home Loan Company et al., 211 Ala. 80, 99 So. 723.

[3, 4] The bill avers:

"That after the death of complainant's father, H. L. Smith, the lands under some sort of court proceedings were set apart to his widow, Amanda Smith."

Construing this averment most strongly against the pleader, as must be done on demurrer, it will be assumed that such court proceedings were regular and in due form, intercepting the passing of the title to the heirs at law of H. L. Smith, and vesting it in the widow. Code of 1923, § 7920; Schloss v. Brightman, 195 Ala. 540, 70 So. 670; Randolph v. Vails, 180 Ala. 82, 60 So. 159.

[5-8] Proceeding on this assumption, the complainant, who inferentially is claiming as an heir at law of H. L. Smith, is without right to file the bill in any of its several aspects. Unless he claims under or through Amanda Smith, he is in no position to complain that A. J. Smith procured the conveyance from her by undue influence, nor can he claim as an heir at law of Amanda Smith

without averring, as well as proving, that she died before the filing of the bill. If he claims as an heir at law of Amanda Smith, he must show who her other heirs are and make them parties to the bill, and, in the absence of averments that she owed no debts at the time of her death, her administrator, or an administrator ad litem, must be made a party. Chandler v. Home Loan Co. et al., supra; Winsett v. Winsett, 203 Ala. 373, 83 So. 117. The court erred in overruling the demurrers to the bill, and for this error the decree must be reversed.

[9] Viewing the case as made by the proof, it seems to be clear that the complainant is claiming an interest in the property as an heir at law of H. L. Smith, deceased. It further appears that the proceeding in the probate court of Etowah county, setting apart the property here involved, as exempt to Amanda, the widow, were instituted and completed before the passage of the act brought forward in the Code of 1923 as section 7934, requiring written notice to be given to the heirs in such proceedings, and that the proceedings were regular, vesting the title to the property absolutely in the widow. Under this state of the pleadings and proof, the court erred in granting complainant relief.

The question as to whether the present bill can be amended so as to conform to the facts is not now presented, and, in order that no injustice may result, the decree of the circuit court is reversed, and the cause will be remanded to that court for such further proceedings as the facts of the case may warrant and justice require.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.