31 So.2d 581

**LEE et al. v. MENEFIELD.**

6 Div. 527.

Supreme Court of Alabama.

July 31, 1947.

Kermit C. Edwards, of Birmingham, and Ling & Bains, of Bessemer, for appellants.

J. A. Lipscomb and Theodore J. Lamar, both of Bessemer, for appellee.

SIMPSON, Justice.

The appeal is from an interlocutory decree overruling demurrer to the bill as last amended. The relief sought is for the cancellation of two deeds or in the alternative to enforce a lien on the property.

The substantial facts set forth in the bill are: Appellants and appellee are sisters. Their mother, Amanda Cochran, died in 1944 leaving a will devising her real estate to appellant Edna and appellee, Altona. Altona was named as executrix in the will and when testator died the will was duly probated. But, during her lifetime and without appellee's knowledge, Amanda had deeded her homestead (all the real estate she owned) consisting of Lots 10 and 11 to Edna and Annie respectively. Edna's deed was for the recited consideration of $18 and other valuable consideration and the consideration of Annie's deed was $1 cash and love and affection. The bill alleges, however, that no consideration was paid by the grantees.

These two deeds were withheld from the record until after the probate of the will and Altona was unaware of their existence until they were filed for record in 1945. Previous to the registration of these deeds and acting on the belief that she was a joint owner of the property by reason of the devise under the will, appellee, while she was executor, procured a loan under FHA provisions from the First National Bank of Birmingham, with her husband as surety on the note. The purpose of this loan was to make improvements on this homestead property in compliance with certain municipal sanitary regulations which the city had demanded her, as executrix of the estate, to forthwith carry out. The money was so expended before she knew of the claim of her two sisters under the aforesaid deeds and the bank is looking to her and her husband to pay and satisfy the debt incurred.

The bill first seeks a cancellation of said deeds because of undue influence exerted on the grantor by the respective grantees or in the alternative to have a lien declared on the property to the extent of the debt incurred and expended by appellee for the sanitary improvements aforesaid.

The undue influence allegedly exerted by Annie on her mother is that when her mother executed to Annie her deed in August of 1943 she (Amanda) was about eighty-six years of age and was residing on the property as a homestead, which was all the real estate she owned; that she was in feeble health at the time and that appellee, Altona, was in almost constant attendance upon her, preparing her meals and attending to her comfort and support, and that the respondent Annie, who had been for

many years prior thereto living in Ohio and in no-wise contributing to the support or comfort of her said mother, on learning of her mother's approaching end of life made a special trip to Birmingham and while there, a guest in her mother's home, "she imposed upon her said mother who was then in feeble health both mentally and physically and had her to execute the deed * * * and complainant charges and states the facts to be that said deed was for an inadequate consideration and upon the appearance of a gift; that immediately after she secured said deed she returned to her home in Cleveland."

Edna's deed was executed in 1934 and the allegations to support the charge of undue influence by Edna are that prior to 1943 her mother had become feeble in mind and body and as a gift deeded Edna another valuable piece of real estate in Birmingham and that notwithstanding said advancement or gift, Edna, with knowledge of her mother's feeble condition both physically and mentally, "influenced or imposed upon Amanda Cochran and induced her to execute a [the] deed * * * and complainant charges and states the fact to be said deed was upon an inadequate consideration and upon the appearance of a gift." It is noted that there is want of allegation regarding the physical and mental condition of the grantor in 1934 when the deed sought to be cancelled was made.

The final allegation of the bill is that Amanda's estate has been disposed of by final settlement and that there "is no money in said estate to reimburse the complainant for the moneys expended under the FHA loan."

■ The first proposition to be resolved is whether the allegations are sufficient to make a case of undue influence warranting the setting aside of either of said deeds. It should be remarked at the outset that this case is up for consideration on demurrer to the bill and the usual rule of construing the allegations most strongly against the pleader controls. In this, among other things, the case at bar is to be differentiated from Floyd v. Green, 238 Ala. 42, 188 So. 867, where the question of pleading was not one of the debated issues.

■ The rule of pleading here obtaining is that undue influence on the part of a named person may be alleged in general terms, but if the facts are alleged on which the averment is rested as a conclusion, those facts must show undue influence so that, if proven, it may justify such a finding by the court. McLeod v. McLeod, 137 Ala. 267, 34 So. 228; Hortenstein v. Clark, 232 Ala. 479(4), 168 So. 564; Garrett v. First Nat. Bank, 233 Ala. 467(3), 172 So. 611; Borton v. Borton, 221 Ala. 544, 545, 130 So. 67.

The bill as last amended adopted the latter method of pleading and sought to set out the quo modo the result complained of was accomplished, so we are remitted to the facts averred to determine their sufficiency as a charge of procuring the execution of the deeds by the exercise of undue influence.

Other principles of law will now be adverted to in aid of our decision.

■ In transactions, inter vivos, where confidential relations exist between the parties, there is a presumption of undue influence and places on the donee, if the dominant party in the transaction, the burden of overcoming the presumption by satisfactory evidence. Hutcheson v. Bibb, 142 Ala. 586, 38 So. 754; Garrett v. First Nat. Bank, supra, and cases cited.

■ But, in such a case as here where the relationship is of parent and child (per se confidential), there is a prima facie presumption that in all transactions between them the parent is the dominant party and free from the exercise of undue influence by the child, and before this presumption is removed it must be shown that the natural order has been reversed and the child, the donee, had become and was the dominating personality and the parent subservient to the child's will. Keeble v. Underwood, 193 Ala. 582, 586, 69 So. 473, 475; Kahalley v. Kahalley, 248 Ala. 624, 28 So.2d 792(10); Gibbons v. Gibbons, 205 Ala. 636, 637, 88 So. 833.

In the light of these legal principles the sufficiency, vel non, of the allegations of undue influence must be tested.

We will first discuss the deed to Annie. Clearly, that her mother was feeble in mind

and body and was imposed on by Annie so that she executed the deed for an inadequate consideration or as a gift is not the legal equivalent of procuring the execution of the deed by the exercise of undue influence. To say Annie "imposed" on her mother is too equivocal in meaning to be adopted as tantamount to a charge of inducing the act by the exercise of undue influence.

■■ The undue influence sufficient to set aside the deed must be such as to destroy or impair the grantor's free agency so as to dominate the will of the grantor and coerce it to serve the will of another in the act of conveying. Advanced age or mental enfeeblement are not sufficient to invalidate the conveyance unless the grantor's mind was so impaired as to render her incapable of acting intelligently and voluntarily in the conveyancing. Stroup v. Austin, 180 Ala. 240, 60 So. 879; Frederick v. Hartley, 202 Ala. 43, 79 So. 381; Noel v. Noel, 229 Ala. 20, 155 So. 362; Smith v. Smith, 221 Ala. 56, 127 So. 815; Harris v. Bowles, 208 Ala. 545, 94 So. 757.

■ We find no such allegations regarding the deed to Annie. We think it equally clear that the facts averred are insufficient to override the stated presumption of parental domination and authorize the other presumption of undue influence because a gift inter vivos. While the mother may have been feeble in mind and body, as averred, that condition may or may not have been such a weakening of capacity as that her will had been supplanted by her daughter's and the exercise of her free agency impaired.

As regards the deed to Edna, we note the same defects. That Edna "influenced or imposed upon Amanda Cochran and induced her" to execute the deed may or may not have been such undue influence as the law dictates shall authorize avoiding the transaction.

And here again, the rule of presumed undue influence, in transactions inter vivos between persons in confidential relations with each other, the donee being the dominant party (Hutcheson v. Bibb, supra) is without effect because Edna's deed was executed in 1934. This may have been at a time when the mother, presumed in law to be the dominant personality, was vigorous in mind and body, for from aught appearing the onset of her mother's alleged enfeeblement might have occurred after the date of the deed.

Our conclusion, on this aspect of the bill, is that the demurrer pointing out these defects was well taken and should have been sustained.

■ The second aspect of the bill prays in the alternative that in the event the deeds are not invalidated a lien be declared on the property in the amount of the expenditures thereon for the sanitary improvements aforesaid. We think the bill well filed for this purpose and affirm the trial court in overruling the demurrer thereto.

At the time of this expenditure, according to the records of the probate office, the appellee was the owner of an undivided interest in the property by reason of the devise under her mother's will, and there was nothing to put her on notice of the contrary. From the averments of the bill, it appears she was uninformed of the existence of the deeds held by her two sisters, and they were procured without her knowledge, and withheld from the record until she had entered upon the administration of her duties as executor of the estate and had in good faith incurred the indebtedness for said improvements under the mistaken belief that she was such an owner.

Under such circumstances equity will impress the property with a lien for the amount of the expenditures so made on the principle that "where a person makes improvements upon property of another or otherwise increases its value, being induced by fraud, duress, undue influence, or mistake of such a character that he is entitled to restitution, he is entitled to an equitable lien upon the property." Restatement, Restitution, p. 689, § 170, p. 640, § 160.

Our case of Summers v. Summers, 218 Ala. 420, 118 So. 912, bears some analogy and tends to illustrate the general underlying principle.

■ The statute of non-claim requiring the presentation of claims against an estate of a decedent within a certain period does

**412**

not affect the right here contended for. Other considerations aside, this alternative of the bill seeks relief in the event the deeds are not cancelled and under such circumstances the property would not be estate property, nor the debt an estate debt, and there would be, therefore, no occasion for the filing of a claim against the estate.

The argument is made that appellee's husband was a necessary party complainant because he was a surety on the FHA note and had paid some money to liquidate it. The appellee, as the then record owner of an interest and who was the executor, is the one who incurred the debt and expended the money on the property and by reason of that status is entitled to the lien. The husband has no interest in the subject matter of the suit and was there-. fore not a necessary party. 47 C.J. 16, § 10.

Nor do the allegations afford a basis for the demurrer attacking the bill on the ground of laches. It appears that appellee sought relief less than a year after discovery of the condition of the title to the lots and seasonably filed her bill and the assignments of error asserting this ground are untenable.

The court ruled correctly, we think, in overruling the demurrer to the second alternative of the bill but was in error in affirming the sufficiency of the allegations as sustaining a charge of undue influence. For that error the decree is reversed.

Affirmed in part and in part reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.