34 So.2d 463

**COX et al. v. MARTIN.**

**2 Div. 232.**

Supreme Court of Alabama.

Oct. 30, 1947.

Rehearing Withdrawn April 1, 1948.

Gamble & Lapsley, of Selma, for appellants.

Wilkinson & Wilkinson, of Selma, for appellee.

SIMPSON, Justice.

This appeal is to review the order of the trial court granting the proponent (appellee) a new trial in a will contest in the circuit court.

The order granting the new trial was rested on no specific ground and if any good ground appears, including that the verdict was contrary to the weight of the evidence, the judgment will be sustained on appeal. W. M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231; Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473.

In the form the ruling is here presented, no meritorious ground in the motion appears except that the verdict was contrary to the evidence, and we will construe the record as if the trial court intended to rest his ruling on that ground. Lindsay Products Corp. v. Alabama Securities Corporation, 247 Ala. 662, 25 So.2d 852.

In acting on the motion it was the duty of the trial court, if he entertained a well-considered opinion that the jury's verdict on the conflicting evidence failed to do justice between the parties, to grant the new trial. Williams v. Birmingham Water Works Co., 230 Ala. 438, 162 So. 95; Car-

raway v. Graham, 218 Ala. 453, 118 So. 807; Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405.

On a review here of that ruling, the same favorable presumption must be accorded it as would be indulged had the motion been overruled, and the decision will not be reversed unless the evidence plainly and palpably sustains the verdict set aside. Cook v. Sheffield Co., supra; W. M. Templeton & Son v. David, supra; Lindsay Products Corp. v. Alabama Securities Corp., supra; Harrison v. Emens, 235 Ala. 319, 179 So. 219.

Keeping in mind these settled rules, it will appear clear that the court will not be put in error in granting the motion on the stated ground.

The grounds of the contest were insanity and undue influence. And, though there was evidence the tendency of which went to show that the testator was at times of unsound mind, or may have been under some domination of the proponent, there was also countervailing evidence which strongly sustained the validity of the will and tended to establish that the testator was sane when the will was executed and was influenced by no one in so disposing of her property.

The law, of course, presumes, prima facie, testamentary capacity in adults, that being the normal condition of the human mind, and the burden is on the party attacking the will to show incapacity at the time the will was made and insanity prior to that time, unless of a permanent character, raises no presumption of insanity at the time of the execution of the will. Under such circumstance the contestants had the burden of showing that testator lacked the requisite mental capacity to dispose of her property at the time the will was made. Tucker v. Tucker, 248 Ala. 602, 28 So.2d 637; Equitable Life Assur. Soc. v. Welch, 239 Ala. 453, 195 So. 554; Houston v. Grigsby, 217 Ala. 506, 116 So. 686; Pritchard v. Fowler, 171 Ala. 662, 55 So. 147.

And, on the issue of undue influence, the principle controlling is that the contestants must show active interference of the beneficiary in procuring the execu-tion of the will. Lockridge v. Brown, 184 Ala. 106, 63 So. 524. To make out the charge it must be proved that an influence was exerted on the testator which was tantamount to moral coercion and constrained her to do that which was against her will but which from fear, the desire of peace, or some other feeling than affection, she was unable to resist. Kahalley v. Kahalley, 248 Ala. 624, 28 So.2d 792.

Mental enfeeblement or advanced age is not sufficient to invalidate a will unless it is shown that the testator's mind was so impaired as to render her incapable of acting intelligently and voluntarily with respect to the transaction. Stroup v. Austin, 180 Ala. 240, 60 So. 879; Lee v. Menefield, 249 Ala. 407, 31 So.2d 581(6).

In view of another trial, a recital of the evidence is not in order, but on each of the contested issues it could not be said that the weight of the evidence so plainly and palpably sustained the verdict as to warrant placing the court in error in setting it aside.

So considered, the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.