BLOODWORTH, Justice.
This is an appeal from a judgment sustaining defendant-appellee’s motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), ARCP. We hold that the dismissal was inappropriate and reverse and remand.
The complaint filed by plaintiff S. & T. Leasing Corporation was amended several times and in its final form consists of seven counts. The first is a common count claiming $500,000 from defendant, Alabama Highway Express, Inc., for money had and received by defendant for the use of plaintiff. It is still pending in the trial court. The last six counts, which are variations of a common theme that will be set forth below, were dismissed under Rule 12(b)(6), ARCP. Judgment was entered for defendant on all six counts under Rule 54(b), ARCP. An express finding in accordance with Rule 54(b) was made.
Count seven, the most comprehensive of the last six counts, contains the following allegations:
(1) In June, 1966, the parties executed a contract under which plaintiff S. & T., the *385 “Contractor,” was to provide pick-up and delivery services in the “Birmingham Commercial Zone” for defendant AHE, the “Carrier.” A document identified as this contract was incorporated into the complaint.
(2) Paragraph nine of the contract reads as follows:
“9. Term: The operations contemplated under this Agreement shall commence on June 11, 1966. This Agreement is for a stated continuous term of four (4) years, and shall be automatically renewed from year to year thereafter. This Agreement will remain in force until either party hereto gives notice to the other of its intention to cancel in writing ., at least ninety (90) days prior to the date of cancellation set forth in such notice; provided, however, that this Agreement shall not be cancellable prior to the said ninety (90) days prior notice, except for the substantial breach of this Agreement by either party hereto.” [Emphasis supplied.]
(3) The second sentence of paragraph nine was not in the contract as originally drafted but was inserted upon the insistence of Exchange Security Bank, with which plaintiff S. & T. was negotiating an agreement for financing the equipment needed to perform the pick-up and delivery service for AHE.
(4) The agreement with defendant AHE was executed concurrently with and was part of a financing scheme that included the following documents, which were incorporated into count seven:
(a) a loan agreement between Exchange Security Bank and S. & T.;
(b) a note from S. & T. to the bank;
(c) a chattel mortgage from S. & T. to the bank; and
(d) an assignment of the contract between S. & T. and AHE by S. & T. to the bank.
(5) The financing agreement between plaintiff S. & T. and the bank provided for the payment of the note over a four-year period.
(6) In July, 1968, defendant AHE breached its contract with plaintiff S. & T. by terminating the contract.
(7) Plaintiff demanded judgment for $500,000. Defendant AHE, which had demurred to counts two through five, filed motions to dismiss after counts six and seven were added to the complaint. The trial court found: that the termination clause in paragraph nine “provides that the contract could be terminated by either party;” that the complaint itself demonstrates that notice was given according to the terms of the contract; and that consequently “on the face of the complaint there is no claim for which relief can be granted as to Counts VI and VII.” The trial court stated that it had previously sustained demurrers to counts two through five. The last six counts were dismissed.
On this appeal, plaintiff S. & T. challenges the trial court’s construction of paragraph nine. Plaintiff contends that paragraph nine should be construed to establish a four-year term during which the contract can be terminated only for cause. It argues that the provision for termination upon ninety-days’ notice was intended to apply only to the continuation of the contract beyond the initial four-year term. This construction of the contract is based on plaintiff’s contention that sentences two and three of paragraph nine are inconsistent and conflicting since sentence two purports to create an uninterrupted, fixed term of four years and sentence three provides for termination by either party at any time upon the giving of ninety-days’ notice. This alleged ambiguity is urged as sufficient grounds for the court to refer to materials extrinsic to the contract to aid in determining the intent of the parties. Paragraphs (3), (4), and (5) of our summary of count seven set forth plaintiff’s allegations of those facts upon which it would rely to establish that the parties intended that the first four years of the contract term should not be subject to the ninety-day termination provision.
Defendant AHE argues that there is no ambiguity in the contract terms and that, if *386 plaintiff S. & T. and the bank had wanted a guaranteed four-year term, such a provision should have been included in the contract in clear, unmistakable terms.
The dispositive issue in this case is whether, as a matter of law, it may be said that paragraph nine is capable of no construction other than that placed upon it by the trial court. If paragraph nine may be construed so that the ninety-day termination provision does not apply to the initial four-year term of the contract, it cannot be said that “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,” and the claim should not have been dismissed. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
We hold that it cannot be said, as a matter of law, that paragraph nine unambiguously makes the ninety-day termination provision applicable to the initial four-year term and consequently that it does not appear beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. It is thus that we hold the trial court erred to a reversal in granting the 12(bX6) motion to dismiss.
Although the construction of a contract is involved, the issue in this case is the sufficiency of the complaint. Construction of the contract between plaintiff and defendant is involved only because the contract was incorporated into the complaint. In construing pleadings, we are bound by Rule 8(f), ARCP: “All pleadings shall be so construed as to do substantial justice.” The committee comments to Rule 8 state,
“Rule 8 is expressly intended to repudiate the long standing doctrine in Alabama of construing the pleadings strictly against the pleader, when ruling on demurrer. See Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443 (1933); Richards v. Richards, 98 Ala. 599, 12 So. 817 (1892); Childress v. Miller, 4 Ala. 447 (1842). According to Rule 8(f), the goal of the proposed rule is to construe the pleadings so as to do substantial justice. ‘In appraising the sufficiency of the complaint we follow . the accepted rule that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support ,of his claim which would entitle him to relief.’ . Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Dennis v. Village of Tonka Bay, 151 F.2d 411 (2d Cir. 1944); 5 Wright and Miller, Federal Practice and Procedure, §§ 1220, 1286 (1969).”
Under Rule 8(f), the trial court’s dismissal of counts two through seven of the complaint can be upheld only if paragraph nine could not possibly have been read to support plaintiff’s contention.
Both parties’ respective views as to the meaning of paragraph nine may be supported by cogent arguments. If the termination provision applies to both the four-year term and the year-to-year continuation of the contract, the provision for a four-year term seems, as plaintiff argues, to serve “no material function in the contract. On the other hand, defendant counters with the argument that the function of the four-year term was to provide an initial period in which the parties would not have to renegotiate the contract — not, as plaintiff contends, to provide an initial period during which the contract could not be terminated. The point is that the contract itself does not resolve this question. Consequently, the contract on its face is susceptible of either reading. Since we are considering the adequacy of the pleadings and not construing the contract as such, we must decide the issue for plaintiff if it appears that it can prove, in support of its claim, any set of facts which would entitle it to relief. It so appears.
In the trial court’s order and in defendant’s brief, it is pointed out that plaintiff did not specifically allege ambiguity in its pleadings. However, defendant itself concedes in its brief that the question of ambiguity was before the trial court. We think this was clearly the fundamental issue. Moreover, the trial court specifically found no ambiguity.
*387 Concluding therefore that the trial court erred in granting the motion to dismiss for failure to state a claim, we reverse and remand.
REVERSED AND REMANDED.
HEFLIN, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.