Robert Mason is the proponent of the lost will of Jessie H. Mason. The trial court held that Jessie did not have the requisite mental capacity when she had attempted to revoke that will and that the copy offered by Robert Mason had been properly proven and should be admitted to probate. The only issue is whether the trial court erred in holding that Jessie had lacked the mental capacity necessary to revoke that will.
The requisites for probating a lost or destroyed will were set out in Barksdale v. Pendergrass, 294 Ala. 526, 529,319 So.2d 267, 269-70 (1975):
 "In a proceeding to probate an alleged lost or destroyed will, the burden is on the proponent to establish, to the reasonable satisfaction of the judge or jury trying the facts:
 "(1) The existence of a will — an instrument in writing, signed by the testator or some person in his presence, and by his direction, and attested by at least two witnesses, who must subscribe their names thereto in the presence of the testator. [Citations omitted.]
 "(2) The loss or destruction of the instrument. [Citations omitted.]
 "(3) The nonrevocation of the instrument by the testator. [Citations omitted.]
 "(4) The contents of the will in substance and effect. [Citations omitted.]"
In the present case, only requirement (3) is in dispute; specifically, the issue is whether, in December 1984, Jessie had the necessary mental capacity to revoke her 1983 *Page 296 
will, a copy of which was propounded by Robert Mason.
The record tends to show the following: Joe B. Nix, Jr., was the attorney who drafted Jessie's will in August 1983. Jessie came to Nix's office in December 1984 and destroyed the original of the will. At that time, Jessie was 81 years old. A few days later, Jessie executed a new will. Jessie died in March 1986. The December 1984 will was held invalid in a separate case. Nix and his secretary both testified that during her December 1984 visit Jessie appeared to be competent. Robert Mason testified that Jessie, his aunt by marriage, had lived in a trailer at his house from September 1983 to October 1984 and that during that period, her mental capacity had deteriorated. He stated that Jessie became confused at times, would park her car in the middle of the street, would misplace things, would hide money from herself, and would have him throw out things, for example, a vacuum cleaner, and then have him retrieve them from the garbage. It was Robert Mason's opinion that Jessie could not handle her business affairs as of October 1984.
After Jessie moved out of the trailer at Robert Mason's house in October 1984, she moved into an apartment. Her neighbor and long-time friend, Mildred Sasser, testified that she saw Jessie every day and that Jessie was confused every time Sasser saw her. Sasser also testified that in November and December 1984, as often as twice a week, Jessie had hallucinations in which she would see police and other people fighting outside her apartment when, in fact, there was no one there.
The trial court heard the evidence in this case without a jury. This Court has stated:
 "The longstanding rule of law has been that when a trial court makes findings of fact based on evidence presented ore tenus, and the testimony is conflicting, every presumption should be indulged in favor of the trial court's findings, and that a judgment based on those findings will not be disturbed unless it is palpably wrong."
Jackson v. Weiland, 519 So.2d 1341, 1343 (Ala. 1988).
"A person may make a valid will even though he or she is not competent to transact the ordinary business of life."Barnes v. Willis, 497 So.2d 90, 92 (Ala. 1986), citing Stubbs v.Houston, 33 Ala. 555 (1859). Thus, evidence showing that one cannot conduct ordinary business affairs is not sufficient evidence to show lack of testamentary capacity. However, in this case, the evidence is more than just that Jessie could not conduct her business affairs; there was evidence of hallucinations and irrational conduct. While the evidence that Jessie lacked the testamentary capacity to revoke her 1983 will is certainly not overwhelming, it is strong enough that, under the ore tenus rule, this Court cannot say that the trial court's judgment is palpably wrong.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.
JONES and ADAMS, JJ., dissent.