160 So. 865

## MARSHALL v. ROGERS et al.
### 2 Div. 58.

Supreme Court of Alabama.
April 25, 1935.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellant.

Graham & Graham, of Meridian, Miss., for appellees.

BOULDIN, Justice.

The bill was filed for the sale of lands for division among tenants in common on the ground that the lands cannot be equitably partitioned in kind.

The tract of land, some 580 acres in area, lies. in a rectangular body, some 1⅝ miles long, east to west, ½ mile wide, north to south, with one forty cornering with the main body at the northwest corner. Its chief value is in farm lands. Probably one-third to one-half has been in cultivation, now somewhat reduced. The quality and value vary from rich bottom to poor ridge lands. There are scattered bodies of timber of undefined areas and values.

The bill was filed by Robert L. Marshall, one of the tenants in common, having an undivided $31/_{350}$ interest in the property. There are 44 tenants in common, with fractional interests running into large figures, the least of which is $19/_{11200}$ undivided interest.

Without further detail it is manifest the property cannot be equitably divided in kind. The evidence makes a clear case for a sale for division.

Three of the respondents, owning in the aggregate $93/_{350}$ undivided interest, filed their joint answer alleging in effect that a sale under present depressed price conditions would entail great loss to them; that a division in kind can be made by laying off to them jointly a parcel equal to their interests, which "would not affect the other interested parties as prejudicially as it would these defendants in forcing their interest in said estate on the market at this time." These parties, styling themselves "petitioners," then pray for such partition, and express their consent to any decree the other parties may desire as to the remaining lands.

The trial court granted the relief thus prayed, appointed commissioners to lay off to such respondents "as one moiety" their

⁹³⁄₃₅₀ interest in the tract, and further decreed a sale ·of the residue for division among the other tenants in common.

■■ Passing over any question of the jurisdiction of the court of equity to grant this form of relief (partition between groups, and sale of parcel allotted to one group) or the special equities which should appear, the relief granted is affirmative in character ·and not within the issues presented by bill to sell for division, in which the sole issue, ordinarily at least, is whether the property can be equitably divided between all the tenants in common without a sale.

■ Affirmative relief can be granted only on cross-bill. It is suggested by appellee that the answer should be treated as a cross-bill, mere matters of form being ignored. This cannot be done. An answer made a cross-bill must have parties respondent, and all except complainants in the original bill must be brought in by summons as in original bills. Code, § 6550.

Without regard to other questions, it was error to render such decree in the absence of a cross-bill wherein all the tenants in common were given a hearing. Musgrove v. Aldridge, 205 Ala. 189, 87 So. 803; Smith v. Smith, 216 Ala. 570, 114 So. 192.

■ The court rendered no decree ascertaining and decreeing who are the joint owners and tenants in common; nor the interest of each in the property. Code, § 9333.

We have declared the proper practice to so decree in connection with the decree of sale, in advance of actual sale. Harvey et al. v. Jenkins, 219 Ala. 121, 121 So. 419; Whitehead et al. v. Boutwell, 218 Ala. 109, 117 So. 623.

The decree should fix the time, place, and terms of sale. The mere direction to the register to make sale according to law is too indefinite. Harvey et al. v. Jenkins, supra.

The decree is reversed, and the cause is remanded, with directions to the court below to enter a decree granting the relief prayed in the bill, decreeing the share of each tenant in common therein, and decreeing a sale of the entire property for division, all in conformity to this opinion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.