66 So.2d 768

**JOHNSON et al. v. GREEN.**

**6 Div. 573.**

Supreme Court of Alabama.

June 30, 1953.

Rehearing Denied Aug. 11, 1953.

512

J. E. Bains, Oneonta, for appellants.

Johnson & Randall, Oneonta, for appellee.

MERRILL, Justice.

The appellants, Eulus Johnson and wife, filed a statutory action in the nature of ejectment against Lonnie Green, appellee, in the Circuit Court of Blount County, Alabama, to recover possession of the NW 1/4 of the NE 1/4 of Section 25, Township 12 South of Range 2 West. On motion of the defendant the case was transferred to the equity division of the circuit court. There was no contest of the motion to transfer.

Lonnie Green filed his bill of complaint within the time prescribed by law and later amended it. The Johnsons filed their answer and cross-bill. After a demurrer was sustained to the cross-bill they amended it and a demurrer was again interposed. On the 17th day of February 1953 the court rendered a decree sustaining the demurrer to the cross-bill as amended, and from this interlocutory decree Eulus Johnson and his wife have appealed.

The record has been abbreviated by agreement of counsel and for that reason all of the pleadings are not before us on this appeal.

The effect of Lonnie Green's complaint is that the Johnsons have a deed calling for the NW 1/4 of the NE 1/4 of Section 25, Township 12, Range 2 West, Blount County; that actually the deed should have conveyed all the land in said NW 1/4 of the NE 1/4 of Section 25, lying west of the hollow and south of the old Bangor road, and that he (Lonnie Green) was entitled to all the property in said forty that lies east of the hollow and north of the old Bangor road, and he prayed that the court would enter a decree correcting and reforming the deed, a copy of which was made an exhibit to the bill; and that the court decree that certain named respondents, including the Johnsons, have no right, title or interest in that portion of the forty acres which he (Lonnie Green) claims.

The Johnsons filed their answer and cross-bill denying Green's claim to any of the forty acres and asked for practically the same relief that Green had prayed for. A demurrer was filed to the cross-bill and sustained. Thereupon the Johnsons amended their cross-bill by adding the following:

"13. That said Lonnie Green entered upon, before the commencement of this suit, and unlawfully withholds and detains lands belonging to these

respondents and cross complainants in the NW 1/4 of the NE 1/4 of Section 25 in Township 12 South of Range 2 West, Blount County, Alabama,"

and added the following to their prayer:

"That the register of this court be directed to determine by reference a reasonable rental value for the lands of these respondents and cross complainants so withheld and detained by the complainant and cross respondent, Lonnie Green, and that they, the respondents and cross complainants, Eulus Johnson and Gerstel Johnson, have judgment for such amount."

■ Lonnie Green again demurred to the cross-bill as a whole and also to the two aspects of the cross-bill. To that aspect of the cross-bill which seeks to recover a part of the NW 1/4 of the NE 1/4 of said Section 25, one of the grounds assigned was "because the cross complainants are entitled to all relief with reference to said property in their original answer to the bill of complaint." This ground of demurrer was well taken. We quote from Propst v. Brown, 250 Ala. 282, 34 So.2d 497, 498:

"Clearly the cross-bill insofar as it merely controverted the facts alleged in the original bill or sought to raise the question of the right to relief, issuable under the allegations of the original bill, was without equity, since complete relief was obtainable under the original bill. Thurlow v. Berry, 247 Ala. 631, 638 (12), 25 So.2d 726; Wood v. Amos, 236 Ala. 477, 183 So. 639; Becker Roofing Co. v. Meharg, 223 Ala. 163, 134 So. 864; Emens v. Stephens, 233 Ala. 295 (1), 172 So. 95; 8 Ala.Dig. Equity, ☞196, p. 517."

To that aspect of the cross-bill which seeks to recover rental for the alleged property, the cross-respondents assign four grounds: "(1) that there is no equity in said aspect of the cross-bill. (2) Because the cross-complainants are entitled to all the relief to which the law gives them a right to recover under the bill and answer; and (3) Because the averments thereof are too indefinite and uncertain." The fourth ground of the demurrer is unintelligible.

■ The first ground assigned was not well taken. In the case of Gadsden Bowling Center v. Frank, 249 Ala. 435, 31 So.2d 648, 650, 172 A.L.R. 1430, the Court said:

"We need not stop to consider whether the cross-bill contains equity since inadequacy of legal remedies is not an essential element of a cross-bill. It is sufficient if the subject matter of the cross-bill relates to the subject matter of the original bill and it does in this case. Ashe-Carson Co. v. Bonifay, 147 Ala. 376, 41 So. 816; Smith v. Maya Corp., 227 Ala. 6, 148 So. 621."

■ The second ground of demurrer was not well taken because it was averred that Lonnie Green was unlawfully withholding and detaining lands belonging to the Johnsons, and the prayer requested a reference to determine the rental value and to give the cross-respondents a judgment for the same.

■ It is well settled that affirmative relief can be granted only on a cross-bill. Marshall v. Rogers, 230 Ala. 305, 160 So. 865; 8 Ala.Dig., Equity, ☞196.

■ A cross-bill is demurrable to the extent it seeks the same relief as the original bill. Thurlow v. Berry, 247 Ala. 631, 25 So.2d 726.

The amendment to the cross-bill in the instant case asks for affirmative relief which the cross-complainants would not have been entitled to under their answer to the original bill as amended, but which could be granted in equity upon proper presentation in a cross-bill even though the incidental relief might also be awarded at law. In Bowden v. Turner, 243 Ala. 182, 8 So.2d 849, 851, the Court said:

"The equity court has authority to determine all the questions here involved. The rule is general and well recognized that when an equitable cause is presented, the court will, after granting the equitable relief, proceed to do complete equity, and to that end grant incidental relief which may be awarded at law. Yauger v. Taylor,

218 Ala. 235, 118 So. 271; Quinn v. Pratt Consolidated Coal Co., 177 Ala. 434, 59 So. 49."

■ The third ground assigned in the demurrer was not well taken. The averments were both definite and certain enough to apprise cross-respondent of the matters he would be called upon to defend. Equity Rule 11, Title 7, Appendix, Code.

Appellee suggests that the case should be dismissed since the provisions of Title 7, section 804, Code 1940, relating to notice to other parties to the suit were not complied with. In the instant case there were complainants other than Lonnie Green and there were many respondents other than Eulus Johnson and his wife. Notice of appeal was served upon the attorneys for complainants but upon none of the respondents. Equity Rule 77, Title 7, Appendix, Code, states:

"Any plaintiff or defendant, in a cause in which a decree or order final may have been rendered, may appeal to the supreme court in the name of himself alone."

And section 804, Title 7, reads in part:

"Any party against whom a judgment or decree is rendered, may individually appeal to the supreme court or court of appeals without taking the appeal in the name of the other codefendant, but the clerk or register of the court from which the appeal is taken, shall issue a summons when the appeal is so taken, to such as do not join in the appeal to appear before the supreme court or court of appeals at the time to which the appeal is returnable, and unite in said appeal if he see proper, which summons may be served upon the party, or his attorney of record in the lower court."

■ It may be noted that any party may individually appeal "against whom a judgment or decree is rendered". In the instant case the decree sustaining the demurrer to the cross-bill was against Eulus Johnson and his wife only, and not against all of the respondents. Moreover, "it appears beyond question that the appeal is taken in the name and on behalf of all the parties complainant who alone have reason to complain of the decree, and hence that there was and is no occasion to bring in [other] complainants as provided by the statute." Mancill v. Thomas, 216 Ala. 623, 114 So. 223, 224.

■ We should perhaps take note of the argument of counsel that the appeal should not be entertained because of a non-compliance by appellant with Supreme Court Rule 10, Title 7, Appendix, Code 1940. While the brief begins with a copy of the assignments of error and the propositions of law are placed ahead of the statement of the case, still all the elements of a brief, as required by Rule 10, are found in this brief, and there is argument pointing out with conciseness the errors relied upon. Propst v. Brown, supra.

We think the demurrer to that aspect of the cross-bill as amended which seeks to recover rental for the withholding and detaining of the land should have been overruled, and for that reason the decree of the trial court must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.