162 So.2d 484

**Evelyn S. STURDIVANT**

**v.**

**James L. STURDIVANT.**

**5 Div. 778.**

Supreme Court of Alabama.

March 26, 1964.

Fred D. Gray, Montgomery, for appellant.

Wm. C. Hare, Tuskegee, for appellee.

HARWOOD, Justice.

This is an appeal from a decree rendered in a divorce proceeding. The complainant, Evelyn S. Sturdivant, filed a bill for divorcement against James L. Sturdivant, asserting cruelty.

The respondent, James L. Sturdivant, filed an answer and a cross bill. In his cross bill the respondent asserted that he and the complainant had entered into an agreement relative to the building of a house and the complainant agreed to convey to the respondent upon completion of the house, a one-half interest in the house and lot for the term of the respondent's natural

life. The respondent avers that although he completed the house, the complainant has refused to deliver the deed to him for his interest in the property.

The respondent prayed that the complainant be required to deliver to him a deed in accordance with this agreement. He further prayed for general relief.

Thereafter the complainant amended her bill setting forth a description of some three parcels of land in which the respondent owned an interest, and prayed that the court award to her as permanent alimony the interest of the respondent in the described property.

The complainant further prayed that in the event the court found that the respondent was entitled to a life interest in an undivided one-half interest in property owned by the complainant, that the court grant to the complainant such interest as permanent alimony.

We note that the lot on which the house was constructed was owned entirely by the complainant, and had been so owned prior to her marriage.

At the hearing below the evidence showed that the complainant and respondent had been married for some ten years. The marriage was apparently one of turmoil, bickering, and fighting from the start.

Evidence introduced by the complainant was sufficient to establish her allegations of cruelty.

At the completion of the hearing, the court entered a decree finding for the complainant on her bill and granting to her a divorce on the grounds of cruelty.

The court further ordered that the respondent's cross bill be dismissed.

Finally, the court ordered that the complainant be awarded the real property owned jointly by the complainant and the respondent as described in the bill of complainant, but "subject to a lien for $3,300 testified to by the respondent as money spent by him in the building of the house on said property in behalf of the respondent on said property."

The complainant below has filed an appeal from that portion of the decree subjecting the house and lot to a lien for $3,-300. Though the decree does not state that the lien is in favor of the respondent, such can be inferred from the proceedings as a whole.

Complainant also asserts that the court erred in refusing or failing to grant to her alimony and counsel fees incurred in this action.

The evidence shows that the complainant is a teacher in the Bullock County school system and as such receives a salary of $424.00 per month. The respondent is a carpenter, and when working earns about $100.00 per month. His earnings are dependent upon the regularity of his employment. He testified that in some years he had worked as many as six or eight months of the year and during other years his employment has been much less. He testified that the year prior to the divorce proceedings his earnings had been about $1,000 per year.

▮▮▮ The awarding of alimony is largely within the discretion of the trial court. Under all of the facts of this case we are unwilling to say that the trial court has abused its discretion in failing to award the complainant alimony and counsel fees. Section 32, Title 34, Code of Alabama 1940, and cases cited thereunder; Keith v. Paden, 255 Ala. 294, 51 So.2d 9.

It is our conclusion however that the court erred in its decree awarding to the respondent a lien on the house and lot in question.

In his cross bill the respondent prayed only that the complainant be required to deliver to him a deed to one-half interest in the house and lot for the term of his natural life. Actually such interest was the only one to which the respondent could

**392**

assert a claim under his alleged agreement with the complainant. He did not pray for a lien on the house and lot. While there was evidence introduced tending to show that the value of the house and lot was approximately $10,500, there was no evidence introduced which tended in any wise to show the value of the plaintiff's one-half interest in the house and lot for the term of his natural life. The age of the respondent is not described by the record, though there is testimony that he has several adult children by a former marriage. This is an inference that the respondent is a man of some years of age. The value of his one-half interest for the term of his natural life cannot be determined by the showing of the value of his personal labor and materials supplied in the building of the house. Even so, the court dismissed the cross bill filed by the respondent. Nevertheless, the court proceeded to award affirmative relief sought under the cross bill to the respondent in decreeing a lien for his benefit.

 Affirmative relief can be granted only on a cross bill. Marshall v. Rogers, et al., 230 Ala. 305, 160 So. 865; Hendrix v. Southern Ry. Co., 130 Ala. 205, 30 So. 596. The cross bill having been dismissed, there was no basis for the court to grant to the respondent the affirmative relief it sought to give him.

 The awarding of a special relief to the respondent granting the lien in his favor was not within the scope of the pleadings as framed. That portion of the decree is erroneous and is hereby reversed, and is remanded to the lower court for such further proceedings as may be undertaken by appropriate pleading and proof in support thereof, if desired. See Penny v. Penny, 247 Ala. 434, 24 So.2d 912.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.