254 So.2d 717

Cecelia WILLIS, as Guardian of the Estate of Dorothy Ann James, a Non Compos Mentis

v.

William Hoyt JAMES, Robert D. James, et al.

I Div. 667.

Supreme Court of Alabama.

Nov. 18, 1971.

**654**

Ernest M. Bailey, Fairhope, Michael J. Salmon, Mobile, for appellant.

Chason, Stone & Chason, Bay Minette, for appellees.

BLOODWORTH, Justice.

This case comes to us for the second time. On the first appeal, we reversed and remanded a final decree of the circuit court of Baldwin County, in equity, which had denied complainant the relief she prayed for and dismissed her bill. Willis v. James, 284 Ala. 673, 227 So.2d 573 (1969).

After remandment, the case was again submitted to the court on the same pleadings, oral testimony, exhibits, and deposi-

tions as offered on the first trial. Additionally, the oral testimony of two other witnesses was offered by complainant. Respondents also offered the testimony of two other witnesses, as well as additional testimony from respondent William Hoyt James, ex-husband of the incompetent Dorothy Ann James.

The trial court again entered a final decree unfavorable to complainant. The decree found, inter alia: that respondents, Robert D. James and William Hoyt James, contracted for the purchase of the suit property, paid the consideration therefor, made repairs, and paid upkeep and taxes; that it was their intent to take title as sole grantees in one deed; that through mistake or inadvertence two deeds were prepared in which their wives were included as grantees; that there was a recognition of the trust by Dorothy Ann James and that she did not assert any legal title in her name adverse to the respondent, William Hoyt James; that the presumption of a gift to Dorothy Ann James has been overcome and that a resulting trust is established in favor of William Hoyt James in Dorothy Ann James' interest; that the complainant is not entitled to the relief prayed for in her amended bill of complaint but respondent, William Hoyt James, "is entitled to the relief prayed for in his answer"; and that Dorothy Ann James has no right, title or interest in the suit property.

It is from this final decree that complainant appeals. She contends that the decree is erroneous: in declaring and establishing a resulting trust because no cross-bill was filed praying for this relief; in holding that the proof was sufficient therefor; in not holding that laches and the statute of limitations bar the claim; in declaring that complainant was not entitled to any relief; and, in making the other findings.

We can see no good reason to be served by restating the facts of this case, as they were set forth in Mr. Justice Simpson's opinion on the first appeal. See, Willis v. James, supra.

Suffice it to say, that the amended bill of complaint filed by the guardian of Mrs. James sought to set aside a mortgage given by Mrs. James, her husband, his brother and wife, to one L. Irwin, on October 11, 1958, on account of a lack of mental capacity in the incompetent at the time of execution of the mortgage.

The following is an excerpt from our opinion on the former appeal, viz:

" * * * We think it abundantly clear * * * that the burden of proving that Mrs. James was sane in the interval in which the mortgage was executed devolved upon those asserting the validity of that instrument.

* * * * * *

"We believe that the trial court reached the conclusion that Mrs. James had no interest in the property involved in this case because of a misapprehension of the law with respect to the burden of proof. * * * We can imagine no clearer case of a sustained, continuing, long-term period of mental illness preceding the execution of this mortgage than is shown by the facts in this case. We are unimpressed with the evidence, and there is little, to the effect that though Mrs. James was chronically and critically ill mentally, that nevertheless on October 11, 1958, she was lucid. The record of the evidence in this case will simply not support such a finding." 284 Ala. at pp. 677, 678, 227 So.2d at pp. 577, 578.

This quotation clearly indicates that our holding was based on at least two conclusions: first, that the trial court erred in misapplying the law as to the burden of proof; second, that the trial court erred in finding the evidence to be sufficient to support a finding that Mrs. James was lucid on October 11, 1958.

It may be well here to state that several objections to questions were made during

the course of the two trials to which the trial judge rejoined that he would make no rulings, since the case was being tried under the "equity rules." Therefore, we are bound, as was the trial judge, sitting in equity, to " * * * consider only such testimony and evidence as is relevant, material, competent and legal, * * *." Title 7, § 372(1), Code of Alabama 1940, as last amended. .

As we have already said, we held on former appeal, " * * * the burden of proving that Mrs. James was sane in the interval in which the mortgage was executed devolved upon those asserting the validity of that instrument." We also announced that, "We have carefully read the record with a view to determining whether or not there was any evidence supportive of this fact. * * *" 284 Ala. at p. 677, 227 So.2d at p. 577. We concluded that opinion with the holding that the record "will simply not support such a finding."

■ Neither do we find on this appeal that the additional testimony (which is relevant, material, competent and legal) is sufficient to support a finding that Mrs. James was sane on the occasion of her execution of the mortgage on October 11, 1958. As a matter of fact, we think, when *all* the legal evidence is considered, it points to a contrary conclusion. Thus, we hold, as we did on former appeal, that the record "will simply not support such a finding," and that the purported execution by Mrs. James of the mortgage was void.

Respondents insist, however, that the trial judge has decreed: that the presumption of gift to Dorothy Ann James has been overcome and a resulting trust established in respondent William Hoyt James; that the intent of the James brothers was to take title as sole grantees; that the inclusion of their wives' names in the deeds was through mistake or inadvertence; and, that there was a recognition of the trust by Dorothy Ann James.

Respondents argue in brief:

" * * * The necessary result of the court's finding is that the Complainant had failed to establish her right to recovery under her original Bill of Complaint for the reason that she had no title * * *."

And, respondents contend she had no title because of a resulting trust having been established in William Hoyt James.

■ Without determining whether the evidence is sufficient to support such a finding, we think the error in the trial judge's adjudging a resulting trust lies in the fact that no cross-bill was ever filed seeking such relief. The trial court made its finding on the basis of the "relief prayed for in his [William Hoyt James'] *answer*." [Emphasis ours]

"It is well settled that affirmative relief can be granted only on a *cross-bill*. Marshall v. Rogers, 230 Ala. 305, 160 So. 865; 8 Ala.Dig., Equity, ☞196." [Emphasis ours] Johnson v. Green, 259 Ala. 511, 513, 66 So.2d 768, 770. Sturdivant v. Sturdivant, 276 Ala. 390, 162 So.2d 484.

We have carefully examined respondents' "Answer to the Amended Bill." The only references therein which could be said to seek affirmative relief against Dorothy Ann James are these: a one sentence allegation in the body of paragraph "THREE":

" * * * That there was no gift to Dorothy James intended by Hoyt James and such deed included her name through mistake or inadvertence and a resulting trust should be established for the benefit of the said Hoyt James. * * *"

And, an allegation in a clause in the body of paragraph "EIGHTEEN":

" * * * that Dorothy Ann James has no actual interest in such real estate but was simply holding an undivided in-

terest in trust for her husband, William Hoyt James * * *."

There is no characterization of the answer as being a cross-bill. There is no allegation making the complainant a party thereto. There is no prayer for process. There is no prayer for relief. There is a paucity of allegations to sustain the alleged resulting trust. Complainant filed no answer thereto. None of the parties nor the judge ever treated the "answer" as being a "cross-bill."

This court has held:

"A cross-bill must be as complete and perfect as an original bill * * * though it may refer to and adopt parts of the original bill as to 'matter of description' to save unnecessary repetition * * *." Ex parte Conradi, 210 Ala. 213, 97 So. 569 (1923).

Again, in Marshall v. Rogers, 230 Ala. 305, 307, 160 So. 865, 866 (1935), this court, speaking on this subject through Mr. Justice Bouldin, held:

"Affirmative relief can be granted only on cross-bill. It is suggested by appellee that the answer should be treated as a cross-bill, mere matters of form being ignored. This cannot be done. An answer made a cross-bill must have parties respondent, and all except complainants in the original bill must be brought in by summons as in original bills. * * *"

We must therefore conclude, on the basis of these authorities, that respondents' answer cannot be considered a cross-bill. By failing to file a cross-bill, respondents are not entitled to any affirmative relief (authorities, supra). Thus, there is no basis for that part of the decree which found a resulting trust.

As for the trial judge's finding that title was taken in the incompetent and her husband jointly, through mistake or inadvertence, there are two reasons why this finding is erroneous.

First, the evidence in support thereof is anything but clear and convincing. In fact, it appears singular, to say the least, that the title to the property was taken in the parties jointly in January, 1952, yet no steps were ever taken by anyone to reform the deed, or to correct the alleged mistake. The matter remained in legal limbo until *over fifteen years later* on May 11, 1967, when respondents filed their answer. Thus, we find the evidence to be insufficient to overcome the presumption that in taking title as he did, the husband's intent was to make a gift to his wife. Marshall v. Marshall, 243 Ala. 169, 8 So.2d 843 (1942).

Second, in order to secure such relief (assuming, arguendo, the evidence to be sufficient) a cross-bill would be required. We have already held the "answer" was no "cross-bill."

We are, of course, mindful of the authorities cited by respondents to the effect that a decree in equity on testimony taken ore tenus has the weight of a jury verdict and will not be disturbed on appeal unless plainly erroneous or manifestly unjust. We have already discussed in detail why we think the trial court erred. Any further comments at this point would be repetitious.

Therefore, having concluded the complainant is entitled to the relief prayed for, namely, the cancellation of the mortgage of October 11, 1958 to L. Irwin and a declaration that it is null and void, it follows that the foreclosure of this mortgage and subsequent conveyances based upon its purported foreclosure are also null and void. Willis v. James, supra. To this extent, the decree is due to be reversed and remanded, with directions to the trial court to render a decree in conformity herewith.

In her amended bill, complainant prayed for partition of the land in question or, in the alternative, a sale for division. On the second trial of this cause, complainant proceeded upon the theory that the relief to

which she is entitled is the reasonable rental value of the incompetent's one-quarter interest in the land for the period October 11, 1958 to the present or, in the alternative, from February 28, 1961, the date of the foreclosure deed, to the present.[1] Complainant says, in her brief, that "Subsequent to the filing of this bill this Court rendered a decision from which it follows complainant is not entitled to a partition or sale for division." While no case is cited for this proposition, appellees suggest, in their brief, that the case referred to is Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 (1965).

In *Bernhard*, we held that there can be no sale for division in the case of a so-called "survivorship deed," over the objection of one tenant during the joint lives because the "interest in remainder" is not subject to division. (278 Ala. at p. 243, 177 So.2d at p. 567.) [2]

The deed in the present case, omitting the caption, acknowledgment and recording data, reads:

"KNOW ALL MEN BY THESE PRESENTS, That I, ANNIE COOK, a widow, GRANTOR, for and in consideration of the sum of ONE HUNDRED DOLLARS ($1.00) [sic] and other valuable consideration, to me in hand paid by HOYT JAMES and DOROTHY JAMES, husband and wife, GRANTEES, the receipt whereof is, upon the delivery of these presents, hereby acknowledged, have GRANTED, BARGAINED AND SOLD and by these presents do hereby GRANT, BARGAIN, SELL AND CONVEY unto the said GRANTEE, the following described real estate, situated in the County of Baldwin, State of Alabama, to-wit:

"AN UNDIVIDED ONE-HALF interest IN AND TO the NORTH Half (N ½) of the Northwest Quarter (NW ¼), and the Northwest Quarter (NW ¼) of the Northeast Quarter (NE ¼), Section Ten (10), Township Eight (8) South, Range Four (4) East, Containing 120 acres more or less ............ GRANTOR RESERVES ONE-HALF INTEREST IN ALL OIL, GAS AND MINERAL RIGHTS.

"Subject to an oil, gas and mineral lease to the Sun Oil Company, recorded in Deed Book 131 NS Pages 125-6, in the office of the Judge of Probate of Baldwin County, Alabama—

"Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining.

"TO HAVE AND TO HOLD, the aforegranted premises to the said GRANTEES during their joint lives, and upon the death of either of them, then to the survivor of them in fee simple. And to the heirs and assigns of such survivor forever. And I do covenant with the said GRANTEES, their heirs and assigns, that I am lawfully seized in fee simple of the aforementioned premises; that they are free from all encumbrances; that I have a good right to sell and convey the same to the said GRANTEES, their heirs and assigns, and that I will WARRANT AND DEFEND the premises to the said GRANTEES, their heirs and assigns, forever, against the lawful claims and demands of all persons whomsoever.

---

1. Presumably, this relief is sought under a prayer in the bill seeking an "accounting" of the profits from the real estate.

2. The estate which is created by such a deed is defined in Bernhard v. Bernhard, 278 Ala. at page 243, 177 So.2d at page 567, as being " * * * a tenancy in common during the joint lives of the tenants with a remainder to the survivor in fee simple. * * * " Since *Bernhard*, this court has considered, and rendered opinions in, at least four other cases involving "survivorship deeds": Owens v. Owens, 281 Ala. 239, 201 So.2d 396 (1967); Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308 (1969); Summerlin v. Bowden, 286 Ala. 391, 240 So.2d 356 (1970); Shrout v. Seale, 287 Ala. 215, 250 So.2d 592 (1971).

"IN WITNESS WHEREOF, I have hereunto set my hand and seal this the 8th day of January, 1952.

"s/ ANNIE COOK (SEAL)
    Annie Cook." [Emphasis ours]

■ The question arises, What interest was created in these grantees by this deed? Put differently, Did the deed pass to the grantees fee simple title, or a tenancy in common during their joint lives with the remainder to the survivor in fee simple? In this connection we have said:

"The real inquiry in the construction of a deed is to establish the intention of the parties, especially that of the grantor; but a corollary to this rule is that the intention must, if possible, be gathered from the language used in the instrument submitted for construction and that, when it can in this way be ascertained, arbitrary rules are not to be applied. * * *

\*   \*   \*   \*   \*   \*

"If the granting clause does not expressly designate the estate conveyed, and there is nothing in the other parts of the deed to indicate the estate intended to be conveyed, the provisions of Title 47, § 14, Code 1940, have application. Said section reads: 'Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended.' * * *

"But where the granting clause does not expressly designate the estate conveyed, and the other clauses indicate the nature and character of the estate conveyed, there is no room for the operation of the provisions of law now codi-

fied as § 14, Title 47, Code 1940. * * *" Henry v. White, 257 Ala. 549, 552, 60 So.2d 149, 152 (1952).

Applying these rules to the instant case, it seems clear that the parties are correct in their interpretation that the deed here is a "survivorship deed," notwithstanding the granting clause does not expressly designate the estate conveyed. For, we have held that where a granting clause does not expressly designate the estate conveyed, but other clauses in the deed do indicate this estate, the latter clauses control. Henry v. White, supra. As we said in that case, in such a situation:

"* * * There was no field of operation for the statute or the principle that where the granting clause provides for a certain or specific estate and the character or nature of said estate is changed or lessened by some interlocutory clause, or by the habendum, there is a conflict or repugnancy and the granting clause prevails."

We conclude this discussion by saying we see no repugnancy between the granting and habendum clauses in the deed in the instant case. Though the deed is no model of the scrivener's art, we hold it established such an estate as is defined in *Bernhard,* supra.[3]

Since we hold the deed falls within the holding of *Bernhard,* "there can be no compulsory partition [or sale for division] *in the absence of consent* of the tenants, except in those cases where the tenants have invoked the jurisdiction of the equity court in a divorce proceeding with regard to the property in question." Summerlin v. Bowden, 286 Ala. 391, 393, 240 So.2d 356, 358 (1970). [Emphasis ours]

■ Mrs. James' interest, then, is that of tenant in common with William Hoyt

---

3. See Note 2, supra, which defined such an interest.

James during their joint lives, with remainder to the survivor in fee simple, in an undivided one-half interest in the real estate. This interest cannot be partitioned nor sold for division, in the absence of the consent of William Hoyt James and the complainant, Mrs. James' guardian.[4]

It may be that, on remandment, the parties may be able to resolve the issues as to the relief to be granted Mrs. James and will consent to a sale of her interest, less her proportionate share of pre-existing liens against the property. If not, the court will have to determine and mold the relief to which complainant may be entitled.

Suffice it to say, that the question of the relief to be granted complainant has neither been adequately presented nor briefed, nor does appellant cite any authority for her contention that the incompetent is due the reasonable rental value of the land for specified periods of time.[5]

Therefore, this cause is due to be reversed and remanded with directions to the circuit judge, sitting in equity, to render a decree cancelling, holding for naught, and declaring null and void, the L. Irwin mortgage of October 11, 1958, as well as the purported foreclosure and any subsequent conveyances resulting therefrom; to take additional testimony, if deemed necessary, so as to grant complainant the relief to which she may be legally entitled as a result of the cancellation of the aforesaid mortgage.

Reversed and remanded with directions.

HEFLIN, C. J., and COLEMAN, MADDOX and McCALL, JJ., concur.

4. We do not decide whether there may be partition or sale for division between Robert D. James and wife, Flossie D. James, on the one part, and William Hoyt James and complainant, the guardian for Dorothy Ann James, on the other part, since this is not an issue on this appeal.

5. See Dawson v. Thorpe, 47 Ala.App. 215, 252 So.2d 331.