Plaintiffs, Griel D. Smith, Ruby Jackson, Etheleen Gibson, Clarence Smith, Glenn Jack Smith, Carl O. Smith and Leo Smith, appeal from a grant of defendants' motion for summary judgment by the Circuit Court of Butler County, in a civil action filed against defendants, Thomas Vernon Smith, Willie Mack Smith and Myra Till.
Plaintiffs and defendants are the children of Perry Smith and Katie Lou Smith. On September 1, 1951, Crawford A. Lowery and Clodean Lowery conveyed to Perry Smith and Katie Lou Smith 60 acres of land in Butler County. The granting clause in the deed did not contain words of inheritance, but the habendum clause contained language providing for concurrent ownership with rights of survivorship.
Perry Smith died in 1973, leaving no will, and there was no administration of his estate. On April 13, 1977, Mrs. Smith executed a deed purporting to convey 20 acres of the property to Thomas Vernon Smith in which she retained a life estate in the dwelling house on said property, and she executed a deed to 40 acres of the property to Willie Mack Smith. Both Thomas Vernon Smith and Willie Mack Smith have built homes on the land. Katie Lou Smith died in January of 1980, and there was no administration of her estate.
Plaintiffs allege that their mother, Katie Lou Smith, owned only an undivided one-half interest in the property she conveyed and that the other children, plaintiffs and defendants in this action, owned the remaining undivided one-half interest in the 60 acres. Accordingly, they say Katie Lou Smith could not convey to Willie Mack Smith and Thomas Vernon Smith the entire fee in the property. Plaintiffs asked the trial court to determine the ownership of the one-half interest in question, sell it, and divide the proceeds among the joint owners.
Plaintiffs' allegation that their mother owned only a one-half interest in the property she conveyed is founded upon the claimed conflict and ambiguities in the granting and habendum clauses in the deed from Crawford A. Lowery and Clodean Lowery to Perry Smith and Katie Lou Smith. Plaintiffs claim that the granting clause conveyed a fee simple estate in cotenancy by implication of law based on the provision of Code of Ala. 1975, § 35-4-2, and that the habendum clause attempted to change the estate conveyed from a fee simple estate in cotenancy in the granting clause into a joint tenancy during the grantees' lives with the remainder to the survivor in fee simple. Plaintiffs (as well as defendants) would, by right of descent and distribution, receive a share of their father's interest in the land if it were found to be an estate in co-tenancy. They, therefore, argue that the granting clause should be given greater weight than the habendum clause in determining what estate the Lowerys intended to convey.
The deed in question reads:
Granting Clause
 ". . . we, Crawford A. Lowery and wife, Clodean Lowery, do hereby grant, bargain, sell, and convey unto the said Perry Smith and Katie Lou Smith, the following described real property situated, lying, and being in the County of Butler *Page 900 
and the State of Alabama, viz: [Description]." (Emphasis added.)
Habendum Clause
 "TO HAVE AND TO HOLD the above described real property unto the said Perry Smith and Katie Lou Smith during their joint lives, and upon the death of either of them, then to the survivor of them in fee simple forever. . . ." (Emphasis added.)
Plaintiffs further contend that the affidavits and depositions of the Lowerys must also be considered in the construction of the deed since they clearly indicate that the grantors did not intend to convey a survivorship title to the Smiths.
Two issues are presented. First, what estate was conveyed by the deed of September 1, 1951; second, did the parol evidence of Crawford A. Lowery and Clodean Lowery raise a sufficient question of fact to make the circuit court's grant of summary judgment for defendants improper.
We cannot agree with plaintiffs' contention that the estate created by the 1951 deed was a fee simple cotenancy of which Perry and Katie Lou Smith each owned an undivided one-half interest and that the estate was not one of joint tenancy with right of survivorship. The provisions of Code 1975, § 35-4-2, must be read and considered in conjunction with § 35-4-7. Section 35-4-2 provides:
 "Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended." (Emphasis added.)
Section 35-4-7 states:
 ". . . provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument. . . ."
The habendum clause of the deed before this Court explicitly provides that the property was conveyed to "Perry Smith and Katie Lou Smith during their joint lives, and upon the death of either of them, then to the survivor of them in fee simple forever." This is precisely the language necessary to establish a concurrent ownership as joint tenants with right of survivorship under Code 1975, § 35-4-7. Thus, it appears from the habendum clause that a less estate — or, more precisely, a different estate — was intended.
Plaintiffs also argue that there was a conflict between the granting clause which, by its silence as to the specific estate conveyed and by implication of § 35-4-2, granted to Perry and Katie Lou Smith each an undivided one-half interest in fee simple, and the habendum clause, which provided for a concurrent ownership as joint tenants with right of survivorship. This Court in Willis v. James, 287 Ala. 653, 659,254 So.2d 717, 722 (1971), quoted Henry v. White, 257 Ala. 549,552, 60 So.2d 149, 152-53 (1952), which stated:
 "If the granting clause does not expressly designate the estate conveyed, and there is nothing in the other parts of the deed to indicate the estate intended to be conveyed, the provisions of Title 47, § 14, Code 1940, [now § 35-4-2] have application. Said section reads: `Every estate in lands is to be taken as a fee simple although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended.' * * *
 "But where the granting clause does not expressly designate the estate conveyed, and the other clauses indicate the nature and character of the estate conveyed, there is no room for the operation of the provisions of law now codified as § 14, Title 47, Code 1940."
We hold that the language of the habendum clause clearly indicates the nature and character of the estate conveyed and reflects the requisite intention to convey a joint tenancy with right of survivorship under § 35-4-7. *Page 901 
Plaintiffs also argue that they met their burden of proof of raising a genuine issue as to a material fact by producing the parol evidence of the Lowerys and that, therefore, the circuit court's grant of summary judgment for defendants was improper under Ala. R. Civ. Proc. 56 (c) and (e). The fact with which the affidavits and depositions of the Lowerys conflicted was that of intention. The Lowerys stated in deposition that the word "survivorship" was never mentioned before the deed was prepared and that they [the Lowerys] did not intend to give the Smiths any particular kind of deed. Mrs. Lowery did, however, say, "I thought all deeds were made to husband and wife and then should something happen, it would go to their children." While this language indicates that a fee simple estate in cotenancy was intended, the deed, in fact contained the survivorship provisions. This Court in Willis, 287 Ala. at 659,245 So.2d at 722, held:
 "The real inquiry in the construction of a deed is to establish the intention of the parties, especially that of the grantor; but a corollary to this rule is that the intention must, if possible, be gathered from the language used in the instrument submitted for construction and that, when it can in this way be ascertained, arbitrary rules are not to be applied. * *" (Emphasis added.)
We must also consider plaintiffs' contention in light of this rule of construction:
 "In ascertaining the intention of the parties, the plain and clear meaning of the deed's terms must be given effect, and parties must be legally presumed to have intended what is plainly and clearly set out."
Financial Inv. Corp. v. Tukabatchee Area Council, Inc., BoyScouts of America, 353 So.2d 1389, 1391 (Ala. 1977). (Emphasis in original.) See also, Martin v. Smith, 404 So.2d 341, 344
(Ala. 1981); Federal Land Bank v. Terra Resources, Inc.,373 So.2d 314, 319-20 (Ala. 1979).
In Hunter v. Austin Company, 336 So.2d 203 (Ala.Civ.App. (1976), cert. denied, 336 So.2d 208 (Ala. 1976), our Court of Civil Appeals held that facts presented which attempted to vary the terms of a written contract by parol evidence and which were inadmissible to vary the terms of the writing were not sufficient to raise an issue of material fact sufficient to defeat summary judgment. That court at page 206 said:
 "Affidavits in support of a motion for summary judgment may set forth only such facts as would be admissible in evidence. Rule 56 (e) ARCP and comments thereto. Generally, when the parties to a contract reduce their agreement to writing, that writing becomes the sole expositor of the transaction. In the absence of fraud, mistake or ambiguity parol evidence is not admissible to vary the terms of the writing."
Since no ambiguity exists, given the clear language of the habendum clause of the deed, and since plaintiffs did not allege fraud or mistake, the parol evidence of the Lowerys was not admissible to vary the terms of the writing.
In keeping with the above conclusions, we find that the circuit court did not err in granting summary judgment in favor of Thomas Vernon Smith and Willie Mack Smith and in denying the summary judgment requested by Griel D. Smith and the other plaintiffs.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur. *Page 902