This is an appeal from summary judgment entered against Alabama Power Company (APCO), in favor of Blount Brothers Corporation (Blount Brothers) and United States Fidelity and Guaranty Company (USF G). We affirm.
The pertinent facts are as follows: Blount Construction Company (Blount Construction) *Page 251 
and APCO contracted, pursuant to Contract No. J2-8, for Blount Construction to perform the powerhouse concrete, backfill, and embankment construction for the Jordan Dam No. 2 Development. USF G was the surety on a performance bond for that construction. The excavation and embankment portions of the contract were subcontracted to Harbert Construction Corporation. Jordan Dam No. 2 was completed in 1967, and is today known as the Walter Bouldin Dam. After the dam was completed, a dispute arose between Blount Construction and APCO over sums due because of delays in construction. Blount Construction claimed $2,400,000 against Alabama Power and APCO claimed $900,000 against Blount Construction. These claims were compromised and the parties entered into a release agreement. Consideration for the agreement was $500,000 paid by APCO to Blount Construction.
Five years later, in 1975, an earthen dike at the dam failed. APCO brought this action against Blount Brothers, Blount Construction, Harbert, USF G, and other, unnamed, defendants, on the grounds that Contract No. J2-8 had been breached and certain work on the dam was performed negligently. APCO settled, pro tanto with Harbert, and it was dismissed as a defendant.
A motion to dismiss or, in the alternative, a motion to quash service, was entered on behalf of Blount Construction Company. The ground for the motion was that Blount Construction was dissolved and liquidated effective 13 March 1970. The trial court postponed decision on the motion for pretrial hearing.
Meanwhile, Blount Brothers and USF G responded with a joint motion for summary judgment under Rule 56, ARCP. That motion was based upon the terms of the release agreement entered into between APCO and Blount Construction.
The trial court found, as a matter of law, that the terms of the release were unambiguous and they barred APCO's action against both Blount Brothers and USF G. The release provided in pertinent part:
 "(b) Alabama Power Company, its successors or assigns, does hereby release and forever discharge Blount Construction Company, its successors or assigns, of and from any claim, demand or demands, damages, action or actions, cause or causes of action which Alabama Power Company might have or could maintain by reason of any of the matters or things done or suffered to be done, or omitted or suffered to be omitted to be done, and involving in any way Contract No. J2-8 and Jordan Dam No. 2 Development."
In a separate order, the trial court struck two affidavits presented by APCO in opposition to defendants' motion for summary judgment. Both affidavits presented information as to the subjective intent of APCO's signatory to the release and evidence regarding negotiations leading to the execution of the release agreement.
APCO appeals from the trial court's grant of summary judgment and its decision to strike APCO's affidavits in response to the motion for summary judgment. It presents to this court three issues:
I
 Whether the trial court erred in determining the release agreement was unambiguous and barred action by APCO against Blount Brothers and USF G.
II
 Whether the trial court erred by refusing extrinsic evidence offered by APCO in opposition to the motion for summary judgment.
III
 Whether the trial court erred in determining APCO's claims against Blount Brothers were barred by the release agreement entered into with Blount Construction.
We will consider the above issues in the order presented. Our standard for review *Page 252 
of the trial court's action in granting the motion for summary judgment is the same standard used by the trial court when ruling on the motion. Long v. Bankers Life Casualty Co.,294 Ala. 67, 311 So.2d 328 (1975). It was bound to review the record in the light most favorable to APCO. Reasonable inferences were to be made in APCO's favor and reasonable doubts were to be resolved against Blount Brothers and USF G.Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala. 1981); Campbell v. Alabama Power Co., 378 So.2d 718 (Ala. 1979); Papastefan v. B L Const. Co., Inc. of Mobile,356 So.2d 158 (Ala. 1978). The moving parties, Blount Brothers and USF G, had the burden to show there was no genuine issue of material fact; that they were entitled to prevail as a matter of law; and that under no set of discernible circumstances under a cognizable theory of law could APCO recover. Kutack v.Winn-Dixie Louisiana, Inc., 411 So.2d 137 (Ala. 1982); Butlerv. Michigan Mutual Insurance Co., supra.
 I
The first, and foremost, issue is whether the trial court correctly concluded, as a matter of law, that the plain language of the release unambiguously barred the claims in this action. It is uncontroverted that this was properly a question of law for the trial court on motion for summary judgment. InBrown Mechanical Contractors, Inc. v. Centennial Insurance Co.,431 So.2d 932 (Ala. 1982), this court stated, "The threshold issue — whether or not the contract is ambiguous — is itself a question of law."
APCO contends the release agreement is ambiguous in that the release language can be read to limit its application to only those claims known to be in existence at the time of its execution.
When considering the language of a release, the trial court is called upon to discern the intent of the parties. This court recently noted, in Smith v. Smith, 418 So.2d 898 (Ala. 1982), that:
 "`In ascertaining the intention of the parties, the plain and clear meaning of the [contract's] terms must be given effect, and parties must be legally presumed to have intended what is plainly and clearly set out.'"
418 So.2d at 901 (quoting Financial Inv. Corp. v. TukabatcheeArea Council, Inc., Boy Scouts of America, 353 So.2d 1389, 1391
(Ala. 1977). See also Federal Land Bank v. Terra Resources,Inc., 373 So.2d 314, 319-20 (Ala. 1979); Willis v. James,287 Ala. 653, 659, 254 So.2d 717, 722 (1971). In determining whether the language of the release agreement entered into between APCO and Blount was ambiguous, we must also give the words of the agreement their "ordinary meaning." Food ServiceDistributors, Inc. v. Barber, 429 So.2d 1025, 1028 (Ala. 1983).
The ordinary meaning of the language employed in APCO's release is comprehensive and unconditional with respect to the claims it sought to "release and forever discharge," including:
 "any claim, demand or demands, damages, action or actions, cause or causes of action which Alabama Power Company might have or could maintain by reason of any of the matters or things done or suffered to be done . . . and involving in any way . . . [the construction of Walter Bouldin Dam]." (Emphasis added.)
It is evident from that language that the whole point of the release was to preclude the parties from making any claims which arose out of a contractual relationship that had begun seven years earlier and work that had been completed for three years at the time the release was executed. The quoted language reflects the express intention of two sophisticated parties to "forever" put to rest "any" claims "involving in any way" the construction of Walter Bouldin Dam.
Blount Brothers and USF G argue:
 "Uncertainty about the future is always present when two parties negotiate a general release of claims with the purpose of putting behind them for all time *Page 253 
a transaction and its consequences. It is that very uncertainty that general and unconditional releasing language is designed to encompass. . . ."
We must agree that APCO's discharge of "any claim . . . which Alabama Power Company might have or could maintain" shows an intent to encompass exactly that uncertainty about the future. (Emphasis added.)
Other language in the release supports this construction. For example, Blount expressly reserved and excepted certain claims from the release. It would follow that the parties intended a general release, with certain exceptions.
This court considered a similar situation in Barbour v.Poncelor, 203 Ala. 386, 83 So. 130 (1919). There, a release discharged "any claim or any sort or description, growing out of, or arising out of the sale of any of the stock." The plaintiff contended the agreement did not contemplate the possibility of a fraud claim against the defendant. This court stated:
 "`A release, therefore, shall be held to include all demands embraced by its terms, whether particularly contemplated or not; and parol evidence is not admissible to show that a certain claim was not in the minds of the parties.'"
203 Ala. at 393, 83 So. at 136.
 II
In response to the motion for summary judgment, APCO filed two affidavits. Defendants filed a motion to strike the affidavits as inadmissible extrinsic evidence barred by the parol evidence rule. On appeal, APCO argues that the trial court's grant of the motion to strike constitutes a separate ground for reversal.
It is axiomatic that parol evidence offered in opposition to a motion for summary judgment may not vary the terms of a writing. This court recently stated, in Conley v. Harry J.Whelchel Co., 410 So.2d 14 (Ala. 1982), that:
 "[A] release supported by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties to be judged from what appears within the four corners of the instrument itself and parol evidence is not admissible to impeach it or vary its claims. . . ."
410 So.2d at 15.
Both affidavits presented by APCO in opposition to the motion for summary judgment assert that it was not APCO's intention to release Blount from future claims. That assertion is in direct contradiction to the ordinary meaning of the language of the release.
"Under Rule 56 (e), ARCP, an opposing affidavit must be made on personal knowledge, and must set forth facts as would beadmissible in evidence." (Emphasis added.) Day v. MerchantsNational Bank of Mobile, 431 So.2d 1254, 1256 (Ala. 1983). Because APCO's affidavits both sought to establish facts not admissible as evidence, they were properly excluded.
 III
Last, APCO argues summary judgment in favor of Blount Brothers Corporation was inappropriate in that it was not a party to the release agreement and APCO's complaint alleges acts of independent negligence against Blount Brothers. We find that theory unfeasible. There was no allegation, in APCO'samended complaint, of independent negligence on the part of Blount Brothers. In every count asserting negligence, APCO specifically names "Blount" as the guilty party. This, after having defined "Blount" in the first paragraph of the complaint to mean Blount Construction Company rather than Blount Brothers Corporation. APCO then alleged the following:
 "In 1969, after the apparent completion of the Walter Bouldin Dam project, Blount Brothers Co., then a Florida corporation, withdrew its qualification to do business in the State of Alabama. Plaintiff is informed that in 1970 Blount Brothers Corporation and others acting in concert with it caused Blount Construction Co. to be dissolved. Plaintiff alleges that although ostensibly separate *Page 254 
corporations, Blount Construction Co. and Blount Brothers Corporation were one and the same, or in the alternative, that Blount Construction Co. was the mere agent, instrumentality or alter ego of Blount Brothers Corporation and that for these and other reasons, Blount Brothers Corporation is liable for any and all claims against Blount Construction Co. stated herein. . . ."
It is clear from a careful reading of the release that its terms absolve Blount Brothers of any legal liability alleged by APCO's amended complaint. In that release, APCO discharged "Blount Construction Company, its successors or assigns, of and from any claim . . . involving in any way Contract No. J2-8 and Jordan Dam No. 2 Development." This language unquestionably absolves Blount Brothers Corporation as principal or alter ego of Blount Construction Company.
For the above reasons, we affirm the trial court's finding that no genuine issue of material fact exists with respect to the broad scope of the release agreement and its application to Alabama Power Company's claims against both Blount Brothers Corporation and United States Fidelity and Guaranty Company.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.