WRIGHT, Presiding Judge.
This appeal is from a judgment of condemnation, entered after a jury verdict in favor of the landowners, the Thirys.
There are three issues raised by the Thi-rys on appeal: (1) whether the trial court *1244 erred when it granted the State’s motion in limine and denied the Thirys’ motion in limine; (2) whether the trial court erred when it failed to award interest on the compensation awarded to the Thirys from the date the State took possession of the condemned property until the date of the final judgment and; (3) whether the trial court erred when it restricted the interest rate to six percent per annum.
This action was initiated by the State in the Mobile County Probate Court to condemn certain property owned by Richard and Mary Thiry. The land in question was originally owned by the Myerses, who had sold a strip of their land to the State in June 1972. The State had purchased the property to build the Rangeline Road Project No. F-377(2). When the State purchased this land, it acquired a right-of-way deed from the Myerses. The deed contained a release which states:
“The grantor(s) herein further covenants) and agree that the purchase price above-stated is in full compensation to them for this conveyance, and hereby release the State of Alabama and all of its employees and officers from any and all damages to their remaining property contiguous to the property hereby conveyed arising out of the location, construction, improvement, landscaping, maintenance, or repair of any public road or highway that may be so located on the property herein conveyed.”
The Thirys purchased the remainder of the Myerses’ property in May 1975. In early 1977 the State modified its original project and found it necessary to condemn .62 acres of land which was owned by the Thirys.
The commissioners appointed by the probate court awarded compensation and damages at $8,500 to the Thirys. Both parties appealed to the circuit court. The cause was tried by a jury, which awarded the Thirys $9,200. The Thirys filed this appeal.
Prior to trial the State filed a motion in limine. This motion asserted that the Thi-rys were only entitled to damages to their property which were created by the revised project and were not entitled to damages created by the original project. The motion requested the trial court to exclude evidence of all damages caused to the Thirys’ property as a result of the first project. The trial court granted this motion in li-mine.
The Thirys also filed a motion in limine prior to trial. They submit in the motion that the State should not be able to offer evidence to show that damages had been paid to the Thirys, or their predecessors in title, for the taking of the first property. This motion was denied by the trial court.
The Thirys’ first assertion on appeal is that the trial court erroneously interpreted the deed and release agreement between the State and the Myerses and treated it as if it resulted from a condemnation. They argue that because the court so misconstrued the release, they should be allowed to offer evidence of the damages caused their remaining property by the first project. Therefore, they contend that the trial court erred in granting the State’s motion in limine and in denying their motion in limine.
The court’s final order on the motion in limine states:
“The Court has previously entered an Order with regard to the Motions in Li-mine by Plaintiff and Defendants, which, in essence, provided that damages which may have been suffered by the Defendant land owners as a result of State Project No. F-377(2) could be recovered in the instant cause. The Court has reconsidered its Order, upon argument of counsel, without any additional evidence having been taken, and is of the opinion that it erred in its prior ruling.
“It is therefore ORDERED by the Court that any damages suffered by the Defendant land owners as the result of Rangeline Road Project No. F-377(2) may not be recovered in the instant condemnation cause, and counsel are prohibited from mentioning in any way during voir dire, opening statement, direct examination, cross examination, in closing or in any way whatsoever, during the *1245 course of the trial any damages to the Defendant land owners’ property caused by the original Rangeline Road Project, that is, Project No. RF-377(2).
“It is further ORDERED by the Court that for the purposes of the condemnation action pending in this cause, the property of the Defendant land owners, immediately prior to the taking herein for Project No. RF-377(7), shall be considered to be the Defendants’ property as if the project as contemplated in Range-line Road Project No. F-377(2) had been completed prior to the filing of the condemnation in this cause of action, and that counsel for both parties shall be prohibited from mentioning in any way during voir dire, opening statements, direct examination, cross examination, and closing statements, or in any way whatsoever during the course of the trial, anything to the contrary.
“It is further ORDERED by the Court that the damages to be awarded as a result of the incident condemnation action shall be damages, if any, to the property of the Defendants caused by the revised Rangeline Road Project No. RF-377(7), taking into consideration and assuming that Rangeline Road Project No. F-377(2) was already constructed and in place at the time of the taking.”
When a court construes a release it must discern the intent of the parties. Wright v. Robinson, 468 So.2d 94 (Ala.1985). In Smith v. Smith, 418 So.2d 898 (Ala.1982), the court states:
“ ‘In ascertaining the intention of the parties, the plain and clear meaning of the [contract’s] terms must be given effect, and parties must be legally presumed to have intended what is plainly and clearly set out.’ 418 So.2d at 901 (quoting Financial Inv. Corp. v. Tuka-batchee Area Council, Inc., Boy Scouts of America, 353 So.2d 1389, 1391 (Ala. 1977)).”
And in Wright v. Robinson, supra, the court states:
“ ‘In determining whether the language of the release agreement entered into
between [the parties] was ambiguous, we must also give the words of the agreement their “ordinary meaning.” ’ Food Service Distributors, Inc. v. Barber, 429 So.2d 1025, 1028 (Ala.1983).”
The release in question states in pertinent part, “The grantor(s) herein further covenants) and agree that the purchase price above stated is in full compensation, and hereby release the State of Alabama ... from any and all damages to their remaining property contiguous to the property hereby conveyed....” (Emphasis added.) There is no indication that the court misconstrued the deed and release. It is clear that the court followed the intent of the parties and the ordinary meaning of the language in the deed and release in its final order.
Granting and denying motions in li-mine are within the broad discretion that a trial court possesses when hearing such evidentiary matters. State v. Askew, 455 So.2d 36 (Ala.Civ.App.1984). It is within the province of the trial court to prevent a jury from hearing prejudicial evidence. Ex parte Houston County, 435 So.2d 1268 (Ala.1983). after looking at the release and the court’s final order we opine that the trial court did not abuse its discretion in granting the State’s motion in limine and in denying the Thirys’ motion in limine.
The second issue presented for review is whether the trial court erred when it failed to calculate interest on the compensation awarded to the Thirys.
After the final judgment was entered without an award of interest, the Thirys filed a Motion for Relief From Final Judgment under Rule 60(a), A.R.Civ.P., requesting the trial court to calculate the interest. At the time this appeal was filed, the trial court had not acted on this motion. On August 2, 1985, the trial court granted the 60(a) motion to correct the final judgment to include the accrued interest. Therefore, it is no longer necessary for this court to address this issue.
The third issue raised is whether the trial court erred when it restricted the interest due the Thirys to the rate of six percent *1246 per annum. The Thirys contend that allowing the State to set the interest rate at six percent violates the Alabama and United States Constitutions. The cases upon which the Thirys rely are cases in which courts held statutes that limit the interest rate unconstitutional. There are no applicable statutes that limit the interest rate in condemnation proceedings in Alabama. The cases cited by the Thirys are irrelevant to their contention.
It is well-settled law in this state that an award of interest will be allowed as compensation or damages to which the owner is entitled when property is taken in a condemnation proceeding. This interest is to be paid from the day on which the condemnor takes possession of the condemned property until the day of the judgment in the circuit court. McLemore v. Alabama Power Co., 285 Ala. 20, 228 So.2d 780 (1969). The restriction of six percent interest per annum has been approved in McLemore v. Alabama Power Co., swpra; A.P.J.I. Civil § 14.18; and D. Corley and C. Gamble, Alabama Law of Damages, § 16-32 (1982). The trial court was well within its power when it restricted the interest rate to six percent per annum.
Finding no reversible error, the judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.