ROBERT P. BRADLEY, Retired Appellate Judge.
This is an appeal from a declaratory judgment.
The parties were divorced in 1982. The marital assets included the parties’ home-place in Montrose, Alabama, as well as a beach house in Baldwin County, both of which were jointly owned by the parties in fee simple. The divorce decree contained the following provisions regarding these assets:
“1. THAT [husband] is to maintain for his own the gulf beach house located in Old Veterans Subdivision, Gulf Shores, Alabama, and all furnishings therein.
“2. THAT [husband] is to have will prepared leaving all three children born of the marriage as beneficiary to the gulf beach house and all present life insurance policies.
“3. THAT [wife] is to maintain for her own the homeplace located in Montrose, Alabama, and all furnishings therein.”
The husband subsequently prepared a deed in response to the divorce decree, conveying his interest in the Montrose property to the former wife. The former wife refused to sign a deed prepared by the husband’s attorney to convey her interest in the beach property to the husband.
In 1983 the husband remarried, and a child was subsequently born of this second marriage. Because he had not received a deed for the beach property from the former wife, the husband filed a petition in the circuit court to obtain a register’s deed; however, the former wife did not receive notice of the proceeding. The register’s deed was granted and listed the husband and his second wife as the fee simple owners of the property.
In 1984 the former wife executed a deed conveying the land to the husband “for and during his lifetime” and making the three adult children remaindermen of the property. She did not attempt to deliver the deed to the husband, but instead recorded it in the office of the probate judge.
In 1990 the husband and his second wife arranged to sell the beach property to a third party. After the purported sale of the beach property, the former wife filed a petition for declaratory judgment, alleging that the deed she recorded in 1984 was binding and seeking to have the register’s deed and subsequent sale of the beach property declared void. The three adult children of the marriage were also named as party plaintiffs.
After the former wife’s complaint was answered, the husband’s second wife was granted leave by the trial court to intervene as a party defendant. She thereafter *959 filed a counterclaim asserting an interest in the beach property and claiming damages for funds she spent on improvements for the premises.
After an ore tenus proceeding on the merits of the claims, the trial court determined that the register’s deed was invalid for lack of notice to the former wife. However, the court made no finding as to the deed which was recorded by the former wife. The court did find that the provisions of the divorce decree concerning the beach property were ambiguous and construed them to mean that the husband owned the beach house in fee simple. The court thus determined that the former wife and three adult children had no right, title, or interest in the beach property as evidenced by the former wife’s recorded deed to the husband. However, it did not specifically direct the former wife to convey her interest in the beach property to the husband. The former wife appeals.
The main issue before us is whether the trial court properly found that the divorce decree was ambiguous and that the parties intended the husband to hold a fee simple interest in the beach property.
Under the provisions of the decree, both parties are to “maintain” as their “own” the respective properties awarded to them. We agree with the trial court that this language is ambiguous, as it does not clearly indicate whether the parties are to hold their respective properties in fee simple.
Under Alabama law, every grant of an estate in lands is presumed to be in fee simple and all doubts are to be resolved in favor of this presumption. Hacker v. Carlisle, 388 So.2d 947 (Ala.1980). An intent to create a lesser estate must be expressed in lucid, unambiguous language. Slaten v. Loyd, 282 Ala. 485, 213 So.2d 219 (1968). If possible, the intent of the parties must be ascertained from the language used in the instrument as a whole. Willis v. James, 287 Ala. 653, 254 So.2d 717 (1971). Where the granting of an estate is not made in plain language, it is for the finder of fact to determine the extent of the interest intended to be granted, and its judgment on the matter will not be reversed unless plainly and palpably wrong. Hartford Accident v. Morgan County Ass’n, 454 So.2d 960 (Ala.1984).
The former wife does not dispute that the language used in the decree awards her a fee simple interest in the Montrose property, nor does she deny that identical language is used to award the beach property to the husband. However, she claims that the “will making” provision is evidence that she intended the husband to have only a life estate in the beach house.
The mere fact that property is included in a will does nothing to limit the testator’s ownership of the property to a life estate. Such a limitation would be nonsensical; by definition, the interest of a life tenant is not devisable to his heirs, but rather passes to the named remainderman. See generally Duncan v. Johnson, 338 So.2d 1243 (Ala.1976). In order to make a valid devise in fee simple to his children, the husband would have to have such an interest himself; one cannot convey a greater interest in land than he possesses. Potter v. Owens, 535 So.2d 173 (Ala.Civ.App.1988).
In view of this well-established law, the “will making” provision of the divorce decree is not evidence of an intent to limit the husband’s interest in the beach property. On the contrary, it presupposes that the husband will have a fee simple interest so that he may make a valid devise of it in his will. The provision is not a condition of the property settlement, but merely reflects the husband’s agreement to make a future provision for the adult children by naming them beneficiaries of his life insurance and by giving them an expectancy in the beach property, if it exists in his estate at the time of his death.
After reviewing the divorce decree in full, we find that the trial court properly determined that the parties are to own their respective properties in fee simple.
In a divorce and property division action, the trial court has the power to use any reasonable means to effect a just property settlement and to adjust the equities between the parties. Scudder v. Scudder, *960 485 So.2d 743 (Ala.Civ.App.1985). We find that the trial court properly has done so in this case; thus, its judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.